## FIELD v. THE STATE.

1. A demurrer to an indictment on the ground that it charges the accused with "two distinct offenses of an entirely different nature in one and the same count" is too indefinite to be considered, unless the demurrer discloses to what different offenses of a dissimilar nature reference is intended to be made.
2. In the absence of proof connecting the accused with an article of personal adornment picked up at the scene of the crime shortly after its commission, the fact that it was there found is wholly irrelevant.

3. A complaint in a motion for a new trial, that error was committed in admitting certain evidence over the objection of the accused, presents no question for decision, unless the grounds of objection urged against the evidence at the time it was offered are set forth.

4. The prisoner is entitled to have his statement to the jury considered by them in its entirety, unaffected by any disparagement of it by the court or intimation to the effect that it is in part unworthy of belief.

5. That the jury were informed that the defense of alibi, relied on by the accused, involved the impossibility of his being at the scene of the alleged crime did not place upon him the burden of showing more than that he was not in fact there present at the time of its commission; nor did the court err in charging the jury upon the assumption that they were not, under the evidence submitted concerning his whereabouts, bound to reach the conclusion that this defense had been conclusively established.

6. A correct instruction as to the degree of certainty of guilt requisite to a conviction in a criminal case is not open to criticism because the court did not include therein an exposition of the law concerning the source from which such certainty can alone arise.

Submitted October 16,—Decided November. 8, 1906.

Indictment for burglary. Before Judge Fite. Bartow superior court. July 23, 1906.

*John T. Norris,* for plaintiff in error.

*Sam P. Maddox, solicitor-general,* contra

EVANS, J. The indictment charged the accused with the offense of burglary, for that he did feloniously and burglariously break and enter the dwelling-house of Jim Scrutchins with intent to commit a larceny, and did steal and carry away therefrom sixteen dollars in money, the property of Jim Scrutchins and of the value of sixteen dollars, then and there being found. The accused demurred to the indictment on the ground that it charged him "with two distinct offenses of an entirely different nature in one and the same count." The demurrer was overruled, the trial resulted in a verdict of guilty of the charge of burglary, and the court declined to grant the accused a new trial.

1. On the argument here, counsel for the plaintiff in error explained that his contention was that the indictment set forth in one count not only a charge of burglary, but also the charge that the accused had committed the statutory offense of larceny from the house. With the merits of this contention we can not undertake to deal, for the reason that the demurrer does not set forth what "two distinct offenses of an entirely different nature" the accused sought to insist were included in one and the same count,

and therefore his demurrer was not sufficiently specific to raise the objection now urged before us. *Wells* v. *State,* 118 *Ga.* 557(3), cited and followed in *Sowell* v. *State,* ante, 105.

2. Complaint was made in the motion for a new trial that the court erred in admitting proof that a certain scarf pin was, shortly after the burglary, picked up within a few feet of the door of the house alleged to have been burglariously entered, proof not having first been made that the pin was ever in the possession of the accused. He was indicted under the name of Henry Field, and all the witnesses who professed to know him either called him by that name or referred to him as the person on trial. A witness who did not undertake to state whether or not he was acquainted with the accused testified that just before the house was broken into he saw "Son" Field with a pin precisely like that found after the burglary. This witness did not identify the accused as the person who had been seen wearing the pin, nor state that the accused was ever called or was known as "Son" Field. This was the only testimony offered by the State for the purpose of connecting the accused with the pin picked up at the scene of the crime. Obviously the State failed to lay the proper foundation for the introduction of the evidence objected to, and it should for this reason have been excluded.

3. It appears that the testimony of another witness, concerning the finding of tracks leading from the burglarized house, was objected to by the accused, but in his motion for a new trial he fails to state what objections were urged against the admission of this testimony at the time it was offered; so we can not undertake to say whether the court below did or did not err in admitting it.

4. In his charge to the jury the presiding judge gave them this instruction: "When you go to make your verdict in this case, don't view the evidence in detached portions, but take the whole of it, along with such part or parts of the statement, if you believe any of it, if none, discard it entirely, if any, say how much, take it along with the evidence and determine what the truth is." The plaintiff in error insists that this instruction contained an unguarded expression of doubt on the part of the court as to there being any truth at all in the defendant's statement. After expressly cautioning the jury not to view the evidence in detached portions, his honor used language which might have been understood as conveying the idea that the prisoner's statement need not

be looked to as a whole nor accepted as true, since only a portion of it was worthy of belief, if it was entitled to any credit at all. The instruction had a tendency to disparage the statement of the accused, considered in its totality, because of the apparent assumption of the court that the jury would necessarily conclude that a part only of what the accused said in his defense could properly be considered in connection with the evidence, taken as a whole. As has been repeatedly observed, it is always best, in charging upon the effect of the prisoner's statement, to use the language of the code. The statement of the accused in the present case set up the defense of alibi, and under the law he was entitled to have his entire statement considered by the jury, unaffected by any disparaging intimation by the court that all he said in his defense could not reasonably be accepted as true.

5. The court correctly informed the jury that the defense of alibi, interposed by the accused, involved "the impossibility of his being at the scene of the alleged crime." Penal Code, § 992. To so charge did not impose upon the accused the burden of showing more than that he was not present at the scene of the crime at the time of its alleged commission, nor could the jury have understood to the contrary, because the court added: "In other words, he contends that he is not guilty because of the fact that he was not at the scene of the alleged crime." As to the contention of the accused that none of the witnesses introduced to sustain his defense had been in any wise contradicted or impeached, and therefore there was no evidence which authorized the court to charge the jury upon the assumption that they might find this defense was false, we need only say that there was testimony offered by the State which tended to discredit the statements of these witnesses as to how the accused was dressed and where he had been seen during the day on which the burglary was committed.

6. The only other criticism made on the charge of the court is that he instructed the jury that "reasonable and moral certainty is what the law requires to authorize a conviction," which instruction was erroneous because the court did not include therein a statement to the effect that such certainty must arise out of the evidence delivered from the witness stand. The charge excepted to was in and of itself a complete and correct exposition of the law, and was not objectionable because the court did not, in charging as

to the *degree* of certainty required, caution the jury that in passing upon the defendant's guilt they must be governed by the evidence.

*Judgment reversed. All the Justices concur.*