### DE BOUCHEL v. CANDLER.

(District Court, N. D. Georgia. February 1, 1924.)

1. **Divorce ⬅➡326, 327—Full faith and credit clause of Constitution as affecting divorce; jurisdiction necessary.**

The right, under the Constitution of every state in the United States, to regulate the matter of marriage and divorce within its own borders, and to defend it against encroachment, and to fix and declare the matrimonial status of its own citizens, is undoubted, and the full faith and credit provision of the Constitution is not to be construed so as to defeat this right, nor is the provision applicable at all save to judgments rendered with jurisdiction, which is the power to adjudge, and jurisdiction may be collaterally inquired into.

2. **Judgment ⬅➡17(1)—Service which will support judgments.**

A fundamental principle to be regarded in determining jurisdiction is that judgments affecting merely personal rights must be founded on service within the territorial jurisdiction of the court on the party to be affected, but judgments in rem—that is, affecting a particular thing—may be rendered by a court having possession and just control of the thing, though the persons interested in it are absent from the territorial jurisdiction, and can be notified only by service other than personal.

3. **Divorce ⬅➡7—Action in personam as regards alimony and in rem as regards matrimonial status.**

A divorce, in some of its incidents, such as alimony, is in personam, but in its fixation of matrimonial status it is substantially in rem.

4. **Divorce ⬅➡326—Decree, void where made, void everywhere**

A decree of divorce, void under the laws of the state where granted, is void everywhere, and is subject to collateral attack.

---

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. **Divorce ☞327—What constitutes "matrimonial domicile" as regards full faith and credit.**

The state of the domicile of the married pair at the time of their separation is the matrimonial domicile, and that state has first and full jurisdiction over the question of divorce and its incidents, and a decree there rendered on regular service therein of the defendant fixes the personal rights and the matrimonial status of both parties, and must have full faith and credit in all other states.

6. **Divorce ☞327—Decree of divorce, granted at matrimonial domicile on substituted service, entitled to full faith and credit.**

Should one party depart from the state of the matrimonial domicile, whether it be the party at fault or not, the jurisdiction of that state to fix the status of the party remaining there is unaffected, though the only service be substituted service, and such a decree regularly granted there is entitled to full faith and credit in other states.

7. **Divorce ☞327—Matrimonial domicile perishes where both leave the state.**

Should both parties permanently remove from the state of the matrimonial domicile, that domicile perishes, and the jurisdiction peculiar thereto as respects divorces lapses and accompanies neither spouse, and the state of the matrimonial domicile no longer has any concern or jurisdiction in the premises, and no other state succeeds to its rights.

8. **Divorce ☞327—Jurisdiction to grant divorce, where both parties remove from matrimonial domicile, and effect of substituted service.**

If either spouse removes to another state animo manendi and acquires there a domicile, a jurisdiction arises in such state, based on its interest in, and right to fix, the matrimonial status of its new inhabitant in virtue of which it may decree such status, and, after such length of residence as it may fix and for such causes as it may allow, a divorce may be granted effective within such state, but if made on substituted service and perhaps on personal service, if in evasion of the laws of another state, it is not entitled to full faith and credit in other states, but will by comity be recognized if not detrimental to their policy or interests.

9. **Divorce ☞327—Divorce granted mere sojourner as respects full faith and credit.**

A state in which an applicant for divorce is a mere sojourner, in which the other party is not domiciled, has no jurisdiction to grant a decree on substituted service, but is a mere meddler, and such a decree, even though authorized by its own laws, is not entitled to full faith and credit elsewhere as a matter of right, and should not be recognized by comity because directly tending to overthrow the power of every state to deal with the matrimonial status of its own citizens.

10. **Divorce ☞327—Collateral attack on decree of another state as respects domicile.**

Actual domicile of one party or the other in the state in which a decree of divorce is granted being essential to the jurisdiction to make it, whether such domicile -in fact exists, may be collaterally inquired into when the decree is sought to be used in another state, and, if it clearly appears that such domicile was lacking, the decree will be treated as a nullity, and the status of the parties unaffected thereby.

11. **Divorce ☞327—Findings of domicile by court granting divorce raises presumption that it existed.**

The finding of fact of domicile by a court making a decree of divorce raises a presumption that it existed, and, after a lapse of time and especially after the rights of other persons have intervened on the faith of the decree, the clearest and most satisfactory proof should be required to overcome the presumption, but in other circumstances less convincing evidence may suffice.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

12. **Divorce ⊚⇒327—"Residence" required by laws of Nevada as basis for divorce.**

The six months' residence required by the laws of Nevada as a basis for divorce, when the cause of action arose elsewhere, means such residence as creates a domicile, and such as in the case of a person born within the United States and subject to the jurisdiction thereof would make him a citizen of Nevada, and a decree on substituted service in favor of a person who, though physically present in the state for six months, had come with no intention of remaining longer and with no other purpose than to safely procure the decree, is void in the state of Nevada, and will be so treated in Georgia.

13. **Divorce ⊚⇒327—Whether court had jurisdiction to grant divorce held for jury.**

In an action for breach of marriage contract, where defendant set up the invalidity of a divorce of plaintiff from a former husband in another state, whether plaintiff was properly domiciled in such other state so that the court acquired jurisdiction to grant its decree *held* for the jury.

At Law. Action by Onezima De Bouchel against Asa G. Candler. On motion to direct a verdict. Motion denied.

The plaintiff sued for breach of contract of marriage. The contract and breach were admitted, and one of the defenses was that the plaintiff was invalidly divorced from a former husband, and not marriageable. The evidence shows a decree, regular on its face, granted in Nevada, on substituted service, though with actual notice to the defendant therein; the jurisdiction of the court being rested on the plaintiff's residence in Nevada for six months before suit. She and her husband formerly resided in Louisiana, and separated there; he remaining in that state while she went to Reno, Nev., where she remained actually present continuously for six months before suing for divorce. To many she declared it her permanent home. In confidential correspondence with the defendant in the present case, covering the whole period, she frequently spoke of her sole purpose in going to Reno as being the procurement of the divorce, and of her intent to leave so soon as that business was safely accomplished. A motion was made to direct a verdict in favor of the defendant on the ground that the divorce was void, and not to be recognized in this state.

Harry, Gamble and Harold Moise, of New Orleans, La., and Dorsey, Brewster, Howell & Heyman, of Atlanta, Ga., for plaintiff.

Candler, Thomson & Hirsch and Little, Powell, Smith & Goldstein, all of Atlanta, Ga., for defendant.

SIBLEY, District Judge (after stating the facts as above). [1-3] That a person's matrimonial status, as to being marriageable or married, should be certain, and the same everywhere, is manifestly of great importance to the person and to society. When fixed by a decree of divorce, this end is secured in the United States by the constitutional requirement that full faith and credit be given the judicial decrees of one state in all the other states, and is furthered in the United States and elsewhere by the principle of comity, whereby one sovereignty will extend recognition to the action of another sovereignty so far as its own policy and interests will permit. On the other hand, the right under the Constitution of each state in the United States to regulate the matter of marriage and divorce within its own borders, and to defend it against encroachment, and to fix and declare the matrimonial status of its own citizens, is undoubted; and the full faith and credit provision of the Constitution is not to be construed

so as to defeat this right, nor is the provision applicable at all save to judgments rendered with jurisdiction, which is the power to adjudge, and jurisdiction may be collaterally inquired into. A fundamental principle to be regarded in determining jurisdiction is, that judgments affecting merely personal rights must be founded on service within the territorial jurisdiction of the court on the party to be affected, but that judgments in rem—that is, affecting a particular thing—may be rendered by a court having possession and just control of the thing, though the persons interested in it are absent from the territorial jurisdiction and can be notified only by service other than personal. A divorce, in some of its incidents, such as alimony, is in personam, but in its fixation of matrimonial status it is substantially in rem. Having regard to all these principles, the following propositions are believed to be established, and, if recognized and observed, will make a fair certainty as to the validity of a divorce decree in states other than that where it is made:

[4] 1. A decree of divorce, void under the laws of the state where granted, is void everywhere, and is subject to collateral attack.

[5] 2. The state of the domicile of the married pair at the time of their separation is the "matrimonial domicile." That state has first and full jurisdiction over the question of divorce and its incidents. A decree there rendered, on regular service therein of the defendant, fixes the personal rights and the matrimonial status of both parties, and must have full faith and credit in all other states.

[6] 3. Should one party depart from the state of the matrimonial domicile, whether it be the party at fault or not, the jurisdiction of that state to decree a divorce and fix the status of the party remaining there is unaffected, though the only service be substituted service, and such a decree regularly granted there is entitled to full faith and credit in all other states.

[7] 4. Should both parties permanently remove from the state of the matrimonial domicile, that domicile perishes, and the jurisdiction peculiar thereto lapses. It accompanies neither spouse. The state of the matrimonial domicile no longer has any concern or jurisdiction in the premises. No other state succeeds to its rights.

[8] 5. If either spouse removes to another state animo manendi, and acquires there a domicile, a jurisdiction arises in such state, based on its interest in, and right to fix, the matrimonial status of its new inhabitant, in virtue of which it may decree such status. After such length of residence as it may fix, and for such causes as it may allow, a divorce may be granted effective within such state; but, if made on substituted service, and perhaps when on personal service if in evasion of the laws of another state, it is not entitled to full faith and credit in other states, but will by comity be recognized, if not detrimental to their policy or interests.

[9] 6. A state in which an applicant for divorce is a mere sojourner, and in which the other party is not domiciled, has no jurisdiction to grant a decree on substituted service, but is a mere meddler; and such a decree, even though authorized by its own laws, is not entitled to full faith and credit elsewhere as a matter of right, and should not be recognized by comity because directly tending to overthrow the

power of every state to deal with the matrimonial status of its own citizens.

[10] 7. The actual domicile of one party or the other in the state in which a decree of divorce is granted being thus essential to the jurisdiction to make it, whether such domicile in fact exists may be collaterally inquired into when the decree is sought to be used in another state. If it clearly appears that such domicile was lacking, the decree will be treated as a nullity, and the status of the parties unaffected thereby.

[11] 8. The finding of the fact of domicile by the court making the decree raises a presumption that it existed. After a lapse of time, and especially after the rights of other persons have intervened on the faith of the decree, the clearest and most satisfactory proof should be required to overcome the presumption. In other circumstances less convincing evidence may suffice.

[12] 9. The six months' residence required by the laws of Nevada as a basis for divorce when the cause of action arose elsewhere means such residence as creates a domicile, and such as in the case of a person born within the United States and subject to the jurisdiction thereof would make him a citizen of Nevada. A decree on substituted service in favor of a person who, though physically present in the state for six months, had come with no intention of remaining longer, and with no other purpose than to safely procure the decree, is void in the state of Nevada, and will be so treated in Georgia.

[13] In the instant case, the physical conduct of the plaintiff and some of her declarations tend to uphold the presumption in favor of the decree. Many other circumstances and declarations very persuasively tend to the conclusion that her purpose was solely and alone to get the divorce, and that there was always present a purpose on her part to depart the state so soon as she safely could thereafter, and that her asserted domicile there was a mere pretense. The question is one for the jury, and will be submitted to them under the principles hereinbefore announced. Divorces on substituted service after twelve months' bona fide residence are allowed in Georgia, and desertion, though for a longer period than the nonsupport under the Nevada law, is recognized as a ground of divorce. Aside from the question of jurisdiction, there is no reason why this divorce should not in comity be recognized in a Georgia court.

Cases mainly considered in reaching these conclusions are: Bell v. Bell, 181 U. S. 175, 21 Sup. Ct. 551, 45 L. Ed. 804; Streitwolf v. Streitwolf, 181 U. S. 179, 21 Sup. Ct. 553, 45 L. Ed. 807; Atherton v. Atherton, 181 U. S. 155, 21 Sup. Ct. 544, 45 L. Ed. 794; Andrews v. Andrews, 188 U. S. 14, 23 Sup. Ct. 237, 47 L. Ed. 366; Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1; Joyner v. Joyner, 131 Ga. 217, 62 S. E. 182, 18 L. R. A. (N. S.) 647, 127 Am. St. Rep. 220; Parker v. Parker, 222 Fed. 186, 137 C. C. A. 626; Presson v. Presson, 38 Nev. 203, 147 Pac. 1081; Walker v. Walker, 45 Nev. 105, 198 Pac. 433.