## STONECYPHER *v.* ELLIOTT.

No. 10776. NOVEMBER 16, 1935.

*R. C. Ramey* and *Robert McMillan,* for plaintiff in error.
*Holden & Smith* and *Bynum & Frankum,* contra.

RUSSELL, Chief Justice. An execution based on a judgment in favor of Mrs. George Elliott against Bryant Hill as principal, and J. R. Stonecypher as security, was levied on a house and lot as the property of Stonecypher. Mrs. Mollie Stonecypher, wife of J. R., filed a statutory claim to the property levied on. Upon the trial of the issue thus made the jury found in favor of the plaintiff in fi. fa. The claimant made a motion for a new trial, which was overruled, and she excepted. The plaintiff in fi. fa. introduced in evidence three deeds executed in October and November, 1932, by J. R. Stonecypher, one to his wife, one to a brother, and one to a daughter, conveying property other than that under levy in this case. The attorney who represented the plaintiff in fi. fa. in ob-

taining the judgment involved in this case testified that he served notice of intention to file suit on the defendant J. R. Stonecypher personally, a few days before the deeds were executed by Stonecypher, and that Stonecypher said, "it looked like he would have to do something about it." Other attorneys testified that they held for collection notes against Stonecypher as indorser, and that they also served him with notice of intention to sue, shortly prior to the execution of the deeds in question. The husband of the plaintiff in fi. fa. testified that he made the loan for his wife to Bryant Hill on the indorsement of J. R. Stonecypher, and that the loan was made on the faith of Stonecypher's ownership of the property levied on, and of other property.

The claimant introduced in evidence the deed under which she claimed title to the property levied on. It was dated October 26, 1932, recorded the day thereafter, and recited a consideration of $1881.50. J. R. Stonecypher testified: "At the time I made this deed to my wife, the consideration was for money that I owed her, and the deed that I made her represented all that I owed her, although the property wasn't worth what I owed her, and she would be glad to get the money to-day. I did not make that deed for the purpose of defrauding any of my creditors, but it was made in payment of a debt that I owed her at that time. . . My wife did not know anything about me being on a note for Bryant Hill to Mrs. George Elliott, and she didn't know about it at the time I made her the deed. . . When I made the deed to my daughter, Bonnie, and the deed to my brother, Bart, and the deed to my wife on the 26th of October, 1932, that left me without anything, and I was and am absolutely insolvent, haven't got anything left." The claimant testified: "When my husband gave me this deed I never paid him any cash, but I paid him the amount stated in the deed for the land, which was something like $1800. I paid him cash $500 at the start, about thirty years ago, and the interest amounted to the rest. At that time he didn't own this land in question, but we bought some land over in Burton, and I loaned him $500 to help pay for it. I don't know as we had any special contract about how he was to pay me back. . . We got this property at Burton about thirty years ago. . . The title to that property in Burton was in him. He had title to all the property all the time; and when he

sold his property at Burton and bought this home place at Clayton, he took title in his name, and I never asked him for what he owed me then. . . Besides the $500 I loaned my husband thirty years ago, I loaned him five hundred more later on, from some money that came to me out of my father's estate."

Grounds 4, 5, and 6 of the motion for new trial assign error on the admission in evidence of three deeds executed by J. R. Stonecypher, conveying property other than that levied on, over the objection that they were immaterial and irrelevant. Grounds 7 and 8 assign error on the admission in evidence of two notices of intention to sue Stonecypher on debts other than that on which the present case is based, over the objection that they were immaterial and irrelevant. Ground 9 alleges that the court erred in charging the jury as follows: "On the other hand, Mrs. George Elliott claims that the conveyance under which Mrs. Mollie Stonecypher claims this property, the deed under which she claims this property, that it is null and void, and that it was made for the purpose of hindering, delaying, and defrauding creditors, and claims she is a creditor of J. R. Stonecypher, and that he owes her this money as security on this debt; and she says therefore that the property is subject, and that the conveyance is null and void, and that the property is subject to the claim of her execution or the lien of her execution." Movant insists that this charge was error in view of the fact that no equitable amendment had been filed by plaintiff in fi. fa. in aid of her levy, and therefore that there was nothing in the pleadings to authorize this charge. Ground 10 assigns error on the following charge: "A conveyance by a husband to his wife of property in value grossly in excess of the amount due her is a conveyance made with intention to delay or defraud his creditors; and. such a conveyance will be set aside as a fraud upon other creditors of the husband, though both husband and wife claim to have acted in good faith in the transaction." Movant insists that this charge was error, "as there was no evidence and no pleadings to authorize such instruction; and furthermore, it was error because the court did not allow the jury to pass on this issue." Ground 11 assigns error on the following charge: "I instruct you that if it was not the intention of the husband to delay and defraud his creditors, and the deed in question from J. R. Stonecypher to Mrs. Mollie Stonecypher was based upon a valid

consideration, the transaction would be valid, provided that he was not insolvent at the time and the deed was not voluntary." Movant avers that the first part of the quoted excerpt correctly states the law, "but the part which movant insists was error was the latter part thereof, to wit: 'provided that he was not insolvent at the time and the deed was not voluntary.' Movant insists that there was nothing in the pleadings or evidence authorizing this charge."

■ The only objection made to the admission of the documentary evidence specified in special grounds 4 to 8, inclusive, of the motion for a new trial was that such evidence was immaterial and irrelevant. "It is well settled that the admission of immaterial evidence, the effect of which is harmless, is not cause for a new trial." *Chandler* v. *Mutual Life &c. Association,* 131 *Ga.* 82, 84 (61 S. E. 1036). "In a ground of a motion for a new trial which complains of the admission of testimony it must appear how the testimony which was admitted over objection was material, and how it could have been hurtful to the plaintiff in error. *Hunter* v. *State,* 148 *Ga.* 566 (2) (97 S. E. 523)." *Citizens Banking Co.* v. *Jones,* 34 *Ga. App.* 428 (129 S. E. 910). It not being alleged in these grounds that the evidence objected to was hurtful to the movant, its admission is not cause for a new trial.

■ The charge of the court to the jury, of which complaint is made in ground 9, correctly stated the contentions of the plaintiff, and was not erroneous for the reason assigned, i. e., that no equitable amendment had been filed by the plaintiff in aid of her levy, and therefore that there was nothing in the pleadings to authorize this charge. "In the trial of a case in which property has been levied upon as that of the defendant in execution, and a third person has intervened as claimant, the claim affidavit, expressed in the usual form, is generally the only pleading necessary to admit whatever evidence the claimant may have to offer to uphold his or her title, or to disparage that of the defendant as a competing title." *Hadden* v. *Larned,* 87 *Ga.* 634, 636 (13 S. E. 806).

■ The charge of which complaint is made in ground 10 was not authorized by the evidence. No evidence was adduced tending to show that the conveyances attacked were void because made "by a husband to his wife, of property grossly in excess of the debt due her."

"Where an incorrect principle of law is charged as to a material issue, the error is not rendered harmless by a subsequent statement of the correct principle, unless the judge expressly calls the attention of the jury to the incorrect statement, and retracts it." *Rowe* v. *Spencer,* 132 *Ga.* 426 (5) (64 S. E. 468). "It is the duty of the jury to give effect to the whole charge. They are supposed to believe that all that the court charges is the law. They are not, as in matters of fact, skilled in working out apparent conflicts in the charge of the court or in tracing out fine points of qualification. If during the progress of the charge the court gives instructions opposed to each other, and one is incorrect, it would not be within the province of the jury to say which was correct, and, after determining for themselves the one which was correct, to proceed with its application in finding their verdict. When the way is left open by the court for such a course by the jury, it is to be treated as erroneous, and, if upon a material and vital matter, as harmful error." *Macon &c. Ry. Co.* v. *Parker,* 127 *Ga.* 471, 479 (56 S. E. 616). In the instant case the court first correctly charged the jury that a "bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid" (Code of 1933, § 28-201, par. 2), and subsequently, by the charge of which complaint is made in ground 11, instructed them that such a transaction "would be valid, provided he was not insolvent at the time." Inasmuch as the defendant in · fi. fa., the grantor in the deeds attacked, admitted his insolvency, this charge was tantamount to the direction of a verdict against the claimant. The court erred in overruling the motion for a new trial.

*Judgment reversed. All the Justices concur.*