### 29539. LIPHAM *v.* THE STATE.

Decided October 20, 1942.

176

*William Story, Corbitt & Sumner,* for plaintiff in error.
*H. W. Nelson, solicitor-general,* contra.

MacIntyre, J. 1. "The right, under the Constitution of every State in the United States, to regulate the matter of marriage and divorce within its own borders, and to defend it against

encroachment, and to fix and declare the matrimonial status of its own citizens, is undoubted, and the full faith and credit provision of the Constitution is not to be construed so as to defeat this right, nor is the provision applicable at all save to judgments rendered with jurisdiction, which is the power to adjudge, and jurisdiction may be collaterally inquired into." De Bouchel *v.* Candler, 296 Fed. 482. "Actual domicile of one party or the other in the State in which a decree of divorce is granted being essential to the jurisdiction to make it, whether such domicile in fact exists, may be collaterally inquired into when the decree is sought to be used in another State, and, if it clearly appears that such domicile was lacking, the decree will be treated as a nullity, and the status of the parties unaffected thereby." Id. "A State in which an applicant for divorce is a mere sojourner, in which the other party is not domiciled, has no jurisdiction to grant a decree on substituted service, but is a mere meddler, and such a decree, even though authorized by its own laws, is not entitled to full faith and credit elsewhere as a matter of right, and should not be recognized by comity because directly tending to overthrow the power of every State to deal with the matrimonial status of its own citizens." Id.

Applying the above-stated law to the evidence in this case, we think the Georgia court had the right to inquire collaterally into the jurisdiction of the Florida court, and that neither of the parties, the defendant nor his wife, had an actual domicile in the State of Florida where the decree of divorce was granted, and that a fraud was committed on the Florida court. Hence, the jury were authorized to find that the divorce was a nullity and to so treat it, and thus the evidence authorized the verdict finding the defendant guilty of adultery and fornication. *Dyal* v. *Dyal,* 187 *Ga.* 600 (1 S. E. 2d, 660); *Drake* v. *Drake,* 187 *Ga.* 423 (1 S. E. 2d, 573); *Solomon* v. *Solomon,* 140 *Ga.* 379 (78 S. E. 1079).

2. There is no evidence in the record that the defendant came into court and filed his answer. Hence, the defendant's contention "that when the defendant contests a petition for divorce, and comes into court and files his answer, and makes no mention or objection to the jurisdiction then the divorce, if granted, is a

legal and valid divorce," even if correct, is not applicable to this case.

3. The court charged in part: "The defendant contends that he was legally divorced in Florida, and that subsequent to being legally divorced in Florida that he married the female involved in this case. In this connection, gentlemen, I charge you that if the defendant in this case were legally divorced in Florida and legally married the female involved in this case, that would suspend this prosecution, and he could neither be further prosecuted nor punished. . . I charge you further, gentlemen, that if the defendant in this case really and in good faith believed that he had a valid and legal divorce in Florida at the time he married the female in question, he would not be guilty." This being a criminal case, the defendant did not have to prove that he was innocent of the offense charged or make explanation of any matters that would show that he was not guilty. But the burden was on the State at all times down to the moment of his conviction to prove that he was guilty as charged. He might, however, introduce evidence and explanations to show that he was innocent. 5 Reid's Branson Instructions to Juries, 30, § 3307. The charge did not impose on the accused the burden of showing more than that he had a legal divorce; nor could the jury have understood to the contrary. The defendant in a criminal case is not required to satisfy the jury of the existence of any fact which, if true, is a defense. *Douglas* v. *State,* 51 *Ga. App.* 141, 145 (179 S. E. 857). It is sufficient if, from the evidence or the want of evidence, there is created in the minds of the jury a reasonable doubt of the guilt of the defendant. There was nothing in the charge from which the jury might have understood that the burden of proof in any way shifted from the State to the defendant. But on the other hand the court clearly charged that in this case the defendant "enters upon the trial of the case with the presumption of innocence in his favor. That presumption remains with him until and unless the State shall overcome and remove it by the introduction of testimony in your presence and hearing sufficient to convince your minds beyond a reasonable doubt of the guilt of the accused;" and concluded his charge with: "If you do not believe the defendant to be guilty, or if you have a reasonable doubt about his guilt, it would be

your duty to acquit him." *Field* v. *State*, 126 *Ga.* 571 (5) (55 S. E. 502). It was not error to fail to charge, in the absence of a request, that the defendant "was only required to show by a preponderance of the evidence that his divorce was legal and valid." "The law of the preponderance of evidence is not applicable in criminal cases; and where in a particular case there is testimony in behalf of the State and the defendant, and the issue to be determined depends upon the weight which the jury may give to the conflicting evidence, it is error to charge said law." *Mill* v. *State*, supra.

The court did not err in overruling the motion for new trial. *Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*