## 37576. CHALKER *v.* THE STATE.

Carlisle, Judge. 1. Where the court in its charge to the jury stated a correct principle of law and thereafter in connection with the same matter stated an incorrect principle of law and nowhere in the charge instructed the jury as to the application of the conflicting principles so that the jury was left to pick and choose between the incorrect principle and the correct principle, an assignment of error on the incorrect portion of the charge is meritorious. *Stonecypher* v. *Elliott*, 181 *Ga.* 438, 442 (182 S. E. 587). Accordingly, in the trial of one charged with possessing non-tax-paid liquor, where the court instructed the jury that the burden was on the State to prove the guilt of the defendant beyond a reasonable doubt, and thereafter instructed them that the burden was on the defendant to prove that he did not have unstamped liquor in his possession in any amount, the ground of the motion for a new trial complaining of the erroneous charge should have been sustained. In a criminal case, the burden is on the State to prove the guilt of the defendant beyond a reasonable doubt, and the burden never shifts to the defendant to prove his innocence. *Lipham* v. *State*, 68 *Ga. App.* 174, 179 (22 S. E. 2d 532); *Fitzgerald* v. *State*, 82 *Ga. App.* 521, 526 (61 S. E. 2d 666). This portion of the charge was not subject to the interpretation, and could not well have been understood by the jury, as merely placing the burden upon the defendant

to prove that the whisky found in his possession was stamped where in his statement he denied possessing any whisky at all. Such burden falls on the defendant, if at all, only in those cases where he admits the possession of whisky and assumes the burden of proving that it was stamped and not non-tax-paid whisky, as charged.

2. Special ground 1 of the motion for a new trial complains of three portions of the charge as being argumentative. The court instructed the jury that, "The possession of any distilled spirits or alcohol, any amount, a tablespoon or 20 gallons, or 100 gallons, makes no difference, if any person has in his or her possession any distilled spirits or alcohol which does not bear the tax stamps provided for in this law, it shall be unlawful, . . ." and, "Now, Gentlemen, the offense of which he is accused is possessing unstamped liquors in any amount, a tablespoon, or six quarts, or 60 gallons, if it is unstamped . . .", and, "That it is not necessary for the State to prove that the defendant had control of and possessed all of the spirituous, vinous, fermented and intoxicating liquors and beverages named in this accusation, but it will be sufficient as to number if the State proves beyond a reasonable doubt that this defendant, in this county, at any time within the past two years . . . did knowingly have or possess or control, in any amount whatever and for any purpose whatever, any of the spirituous, vinous, fermented or intoxicating liquors or beverages named and described in this accusation." The accusation did not charge the defendant with possessing any specified amount of untaxed liquor, and the evidence tended to show that the officers apprehended the defendant in the woods near a still, which they had been watching, with a case of "fruit jars full of liquor" on his shoulder carrying the same away from the still, and that the officers had observed him and another individual pour up the whisky from the still into the fruit jars. The evidence does not show whether the fruit jars were pints, quarts, half-gallons or some other size. The defendant, in his statement, did not contend that he had only a small amount of whisky, but contended that he did not have, possess, or control any quantity of such liquors. Under these circumstances, we think it may be said that the portions of the charge complained of in special ground 1 of the motion were argumentative and may have unduly impressed the minds of the jury with and injected into the case

an issue as to the quantity of whisky possessed by the defendant when that was not raised by the accusation or the evidence. The last portion of the charge quoted above was an accurate statement of the law on the subject and would have been sufficient if the issue of quantity had been in the case. While, perhaps, the portions of the charge complained of would not be cause for reversal, since the case is to be tried again, we think it well to point out for the benefit of the trial judge and counsel that the portions of the charge complained of in this ground were in some measure at least subject to the criticism leveled at them.

3. Inasmuch as the case is to be tried again, and the evidence on another trial may not be the same, the general grounds of the motion for a new trial are not passed on at this time.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 18, 1959.

*Stevens & Stevens,* for plaintiff in error.
*J. Cecil Davis, Solicitor-General,* contra.

