## 57569. CROSS v. THE STATE.

MCMURRAY, Presiding Judge.

This is an out of time appeal resulting from a court order issued in a proceeding for a writ of habeas corpus. Defendant was found to have been an indigent and had been sentenced to 20 years imprisonment after his conviction for voluntary manslaughter. He was thus entitled to an appeal. The defendant was originally indicted for the offense of murder of his common-law wife. *Held:*

1. The first enumeration of error alleges the trial court committed prejudicial error by giving the jury a contradictory and confusing definition of the standard of proof required to convict the defendant of any offense. The trial court properly charged that moral and reasonable certainty is all that can be obtained in a legal investigation. The court then explained to the jury that in civil cases, "a preponderance of the testimony or evidence is deemed sufficient to produce a mental conviction. But in criminal cases such as this, the law requires a greater degree of mental conviction in order to authorize a verdict

of guilty. The true question in criminal cases is not whether it would be possible that the conclusion to which the testimony points may be false, but whether there is sufficient testimony to satisfy your minds and consciences that the Defendant is guilty of the crime as charged beyond a reasonable doubt." The court then proceeded to charge fully the meaning of a reasonable doubt. The trial court concluded the charge to the jury with, "let the preponderance of the evidence and beyond a reasonable doubt of the jury rest and remain in the hearts and minds as you deliberate on this case . . . the preponderance of evidence, I don't mean that whichever side has the most evidence. The preponderance of evidence don't go with the greater number of witnesses, it goes with your heart, mind and conscience as it deliberates on the case." The court's charge was not only misleading but confusing in injecting the preponderance of the evidence question which is not the law and thus a new trial is required. See *Chalker v. State,* 99 Ga. App. 278 (1) (108 SE2d 178); *Maddox v. State,* 99 Ga. App. 438, 439-440 (1) (108 SE2d 758); *George v. State,* 103 Ga. App. 598, 599-600 (3) (120 SE2d 55).

2. The trial court properly charged that the defendant should not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking or intention or criminal negligence. This charge was not subject to the complaint that it was burden shifting.

3. The trial court charged the jury the elements of involuntary manslaughter in the commission of an unlawful act. See Code Ann. § 26-1103 (a) (Ga. L. 1968, pp. 1249, 1276). However, the court did not charge the elements of involuntary manslaughter in the commission of a lawful act in an unlawful manner when one causes the death of another human being without any intention to do so by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm. See Code Ann. § 26-1103 (b) (Ga. L. 1968, pp. 1249, 1276). Defendant contends that this charge should have been given since it was lawful to be protecting himself from his wife in tussling for the gun and the tussling could have

constituted criminal negligence, that is, becoming an unlawful manner in that negligence resulted in homicide. At the conclusion of the charge this failure to instruct as to a lesser crime was called to the court's attention. However, the rule as made by the Supreme Court in *State v. Stonaker,* 236 Ga. 1, 2 (3) (222 SE2d 354), requires that written application (written request to charge) must be made to the trial judge "at or before the close of the evidence," requesting a charge "on lesser crimes that are included in those set forth in the indictment or accusation," and the trial judge's failure to do so, without a written request is not error. See *State v. Stonaker,* supra.

4. The enumerations of error complaining of the court's failure, in charging on the lesser offense of (felony) involuntary manslaughter, to advise the jury of the requirement of proof beyond a reasonable doubt and of the court's failure, in charging on the lesser offense of voluntary manslaughter, to advise the jury that in order to convict the defendant the jury must find beyond a reasonable doubt the existence of each element of that offense are not meritorious in view of the court's instructions throughout the trial requiring the jury to convict beyond a reasonable doubt (except for the confusing and misleading injection of the preponderance of the evidence rule found in Division 1 above).

5. The homicide in this instance occurred in 1972. The court held a bifurcated trial with the jury first determining him to be guilty of voluntary manslaughter and then determining the sentence. Since the law now requires the judge to sentence the defendant after conviction no ruling will be made here as to any error involved in the sentencing phase.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

SUBMITTED APRIL 3, 1979 — DECIDED JUNE 5, 1979.

*Robert C. Kates,* for appellant.
*Beverly B. Hayes, District Attorney,* for appellee.