A99A0496. TEMPLE v. THE STATE.
(517 SE2d 850)

SMITH, Judge.

After an attack on his wife and 11-year-old stepdaughter, William Scott Temple was indicted by a Polk County grand jury on charges of rape, aggravated sexual battery, four counts of aggravated assault, two counts of aggravated battery, two counts of false impris-

---

[3] But Shaw presented evidence, and Reardigan acknowledged, that he did make residential sales.

onment, two counts of possession of a firearm during commission of a felony, cruelty to children, terroristic threats, and possession of a firearm by a convicted felon. A jury convicted Temple of aggravated sexual battery, four counts of aggravated assault, two counts of aggravated battery, cruelty to children, terroristic threats, and the firearms charges and acquitted him of rape and false imprisonment. His motion for new trial was denied, and he appeals. Finding no error, we affirm.

1. Temple asserts that the State failed to prove guilt beyond a reasonable doubt because tests performed by the State Crime Lab failed to reveal gunpowder residue on his hands. But after the jury's verdict of guilty, Temple can no longer rely upon the presumption of innocence, and this court cannot weigh evidence or judge the witnesses' credibility. We must construe the evidence to uphold the verdict and determine only whether the evidence was sufficient to enable any rational trier of fact to find Temple guilty of the crimes charged beyond a reasonable doubt. *Clark v. State*, 197 Ga. App. 318, 320 (1) (398 SE2d 377) (1990).

The results of the gunshot residue analysis were inconclusive and did not eliminate the possibility that Temple had fired a weapon. Temple's wife and stepdaughter positively testified at trial that Temple broke into their house by kicking down the door, choked and slapped his wife, beat her in the head with a gun, forced her to disrobe, held the gun to her head, sexually assaulted her with the gun, and beat her again until she lost consciousness. Both Temple's wife and stepdaughter also testified that Temple shot his stepdaughter in the head, wounding her, and then held the gun to her head. The evidence presented here was sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Temple's argument that the evidence at trial was "sufficiently close to warrant" a new trial is without merit. *Smith v. State*, 265 Ga. 495, 496 (5) (458 SE2d 347) (1995).

2. Temple contends the trial court erred in permitting similar transaction evidence. But the evidence submitted by the State showed not similar transactions but prior difficulties between Temple and his wife. "[U]nlike similar transactions, prior difficulties between the parties are not independent acts or occurrences, but are connected acts or occurrences arising from the relationship between the same people involved in the prosecution and are related and connected by such nexus. [Cits.]" *McTaggart v. State*, 225 Ga. App. 359, 366 (2) (483 SE2d 898) (1997), overruled on other grounds, *Wall v. State*, 269 Ga. 506 (500 SE2d 904) (1998). The State provided notice as to four incidents and presented evidence of three occasions on which Temple battered, kidnapped, assaulted, or raped his wife

within seven months of the attack at issue here.[1]

Temple cites no authority for his assertion that evidence of one incident, to which his wife was the only witness, should not have been admitted because her testimony was not corroborated. "The testimony of a single witness is generally sufficient to establish a fact." (Citation and punctuation omitted.) *Howard v. State*, 228 Ga. App. 784, 786 (3) (492 SE2d 759) (1997) (testimony of single witness sufficient to establish evidence of similar transaction). The evidence showed the month and year of each incident and, in two cases, the approximate day. The State was not required to show the precise date of each incident for the evidence to be admitted. *Johnson v. State*, 229 Ga. App. 586, 589 (6) (a) (494 SE2d 382) (1997); *Tidwell v. State*, 219 Ga. App. 233, 236 (2) (c) (464 SE2d 834) (1995).

3. Finally, Temple asserts that the trial court erred in refusing to give several jury instructions regarding lesser included offenses of assault, battery with visible bodily harm, pointing a pistol, and sexual battery. But Temple did not submit his requests to charge on these issues until immediately before closing arguments. The trial court refused to consider the requests because they were not submitted in a timely fashion.

Uniform Superior Court Rule 10.3 provides: "All requests to charge shall be . . . submitted to the court . . . at the commencement of trial, unless otherwise provided by pre-trial order; provided, however, that additional requests may be submitted to cover unanticipated points which arise thereafter." Temple elected to proceed under the criminal discovery provisions of OCGA § 17-16-1 et seq., and he does not contend that the State failed to provide him with the materials covered by those provisions. The issues addressed in Temple's requests to charge were not unanticipated. *Smith v. State*, 222 Ga. App. 366, 370-371 (5) (474 SE2d 272) (1996). This is supported by the comment made by Temple's counsel during the charge conference that he originally intended to rely on an assertion of self-defense and therefore "was waiting to see how we went on that, and I held off on" the late-submitted charges. *Cross v. State*, 150 Ga. App. 206, 208 (3) (257 SE2d 330) (1979), relied upon by Temple, predates the adoption of the Uniform Superior Court Rules. See Uniform Superior Court Rule 1. Refusal to give the requested charges was not error.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

---

[1] Temple's trial began on June 1, 1998, the same day that the Supreme Court of Georgia decided that Uniform Superior Court Rules 31.1 and 31.3 would no longer apply to instances of prior difficulties between the defendant and the victim. *Wall v. State*, supra at 509 (2).

DECIDED MAY 18, 1999.

*James A. Astin*, for appellant.

*James R. Osborne, District Attorney, Laura L. Herrin, Assistant District Attorney*, for appellee.