38694. GEORGE v. THE STATE.
38695. HOOD v. THE STATE.

DECIDED APRIL 28, 1961.

*Howell C. Ravan,* for plaintiffs in error.

*Luther C. Hames, Jr., Solicitor-General, Ben F. Smith,* contra.

JORDAN, Judge. 1. Special ground 1 attempts to assign error on eight different objections to testimony of the witness Sheriff Sanders. It appears that some of this testimony was allowed, other ruled out, and the jury instructed to disregard certain portions. This special ground contains eight pages of testimony, numerous objections by counsel for the defendants, colloquies between counsel and the court and other matters, and is therefore too improperly framed and confusing to present any question for decision. *Rider v. State,* 196 Ga. 767 (8) (27 S. E. 2d 667).

2. Special ground 2 complains of the admission in evidence of the sworn answer of the defendant George in a civil case in Cobb Superior Court, said answer containing a paragraph to the effect that the defendant George resigned as manager of the Bomber City Elks Club on July 24, 1959, the alleged offense in the instant case having occurred on June 30, 1959, and another paragraph setting forth that he was the owner of the premises in question but had leased same to the Bomber City Elks Club on July 29, 1959. The court did not err in admitting this pleading into evidence, it having been subscribed and sworn to by the defendant Thomas George. *Farmer v. State,* 100 Ga. 41 (3) (28 S. E. 26).

3. Special ground 5 complains of the following excerpt from the charge of the court, "It is still unlawful to possess even a quart of tax-paid intoxicating liquor in this county, such as Cobb, which is generally referred to as a dry county, unless the evidence shows and it has been proven to you beyond a reasonable doubt that they came into possession of such liquor in the amount of one quart or less, and that he purchased it

from a retail dealer for personal use and did not intend to dispose of it unlawfully," on the ground that such charge restricted the defendant's defense and was not sound as an abstract principle of law in that no such burden of proof rested upon the defendant. The charge complained of is clearly erroneous as an abstract principle of law and under prior decisions of this court a reversal is demanded. *Jenkins v. State*, 93 Ga. App. 360 (92 S. E. 2d 43); *Chalker v. State*, 99 Ga. App. 278 (108 S. E. 2d 178) and *Brown v. State*, 94 Ga. App. 542 (95 S. E. 2d 302). While the court in several other portions of the charge clearly placed the burden on the State to prove the guilt of the accused beyond a reasonable doubt, it cannot be said that the charge complained of was not confusing and misleading to the jury and therefore harmful error. Where the jury is "left to pick and choose between the incorrect principle and the correct principle, an assignment of error on the incorrect portion of the charge is meritorious." *Chalker v. State*, supra.

4. Special grounds 6, 7 and 8, complaining of portions of the charge, are without merit for any of the reasons assigned therein.

5. Special grounds 3 and 4 of the motion for a new trial are not passed upon as they are not likely to recur. The general grounds are not passed upon as the case is to be tried again.

For the reasons stated in division 3 of this opinion, the trial court erred in denying the amended motions for new trial.

*Judgment reversed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*