39500.   CUMMINGS v. THE STATE.

DECIDED MAY 17, 1962—REHEARING DENIED MAY 30, 1962.

*A. Russell Ross,* for plaintiff in error.

*Albert D. Mullis, Solicitor General,* contra.

NICHOLS, Presiding Judge. ■ The defendant contends that the trial court erred in admitting in evidence, over objection, testimony of the arresting officers that they found on the premises of the defendant's business, a restaurant, more than the legal quantity of tax-paid liquor because such evidence was discovered as the result of an illegal search and seizure. "An admission of the accused in open court, made as a part of his statement on the trial, may be treated by the jury as direct evidence of that fact." *Hargroves v. State,* 179 Ga. 722 (4) (177 SE 561). In his unsworn statement to the jury the defendant stated that it was true that the officers found the whisky on the shelf behind the counter in his cafe, but only a part of it, less than two pints, was his. Such statement admitted that more than the legal quantity of distilled, vinous and alcoholic liquors and beverages was in the defendant's cafe and the admission of the testimony objected to, if error, was not harmful, for where a defendant in his statement admits certain facts as being true the admission of illegal evidence over proper objection of the same facts is not harmful error. See *Gatlin v. State,* 18 Ga. App. 9 (89 SE 345); *Shields v. State,* 22 Ga. App. 618 (3) (97 SE 90); *Brannan v. State,* 43 Ga. App. 231, 233 (158 SE 355); *Mayes v. State,* 108 Ga. 787 (33 SE 811).

■ "Whether or not the defendant presented sufficient evidence to rebut the inference arising from the finding of the liquor in his place of business was a question for the jury." *Kent v. State,* 105 Ga. App. 312, 314 (124 SE2d 296). The evidence authorized the verdict, and the trial court did not err in overruling the defendant's amended motion for new trial.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*