## 48274. BELL v. THE STATE.

HALL, Presiding Judge. Following his February 10, 1972 conviction for the misdemeanor of possession of nontax-paid liquor, Milton Bell appeals, raising 8 points.

1. Bell contends the lower court erred in overruling his motion for new trial made upon the ground that the evidence was insufficient to support the verdict.

The evidence at trial showed that revenue agents knew of and were watching a still. They saw a light blue Ford pickup truck drive toward the still down a country road, and as they continued to watch they saw the truck come back from the still area with Milton Bell driving and two other black men inside. The revenue agents attempted to stop the truck and make an arrest but were forced to jump aside out of the road when Bell, seeing them, instead of stopping sped forward so that the risk existed that they would be run down. The truck was stopped only by a roadblock some distance away to which these initial revenue agents were able to run, following the direction of the truck, in less than five minutes. The agent already stationed at the roadblock saw the truck stop and saw three black men run from the truck and make their escape into the surrounding woods. The truck at that time was discovered to have 83 gallons of nontax-paid whiskey

aboard. When the still was examined shortly after these events, it was found to be still hot from running.

Bell urges that the evidence will not support his conviction because he was identified as the driver of the truck only at a time at which there was no evidence that the liquor was aboard; and at the time the liquor was discovered on the truck stopped at the roadblock, he was nowhere in the vicinity.

Circumstantial evidence is adequate to convict when every reasonable hypothesis is excluded save that of guilt of the accused. Code § 38-109. The evidence detailed above involving less than five minutes between the time Bell and two other men were seen in the truck and the time the truck was abandoned and found to contain 83 gallons of whiskey, provides ample circumstantial evidence from which to conclude that the only reasonable explanation for this series of events was that at the time the agents attempted to stop Bell the whiskey was aboard and that is why the attempted flight was made. See *Craft v. State,* 124 Ga. App. 57 (185 SE2d 371); *Brown v. State,* 98 Ga. App. 350 (105 SE2d 785).

2. Bell's second enumeration of error concerns the overruling of his new trial motion made on the double ground that the list of the state's witnesses to which he was entitled under Code Ann. § 27-1403 was only given to him upon the call of the case in open court, and he was without sufficient time to prepare; and the state actually called only four of the 13 listed witnesses.

In answering the first point, we note that nowhere in the record is there any indication that a list of witnesses was demanded earlier than February 10, 1972, the date of trial, which was the date of filing of the demand itself. To invoke § 27-1403 it is not only imperative that a demand be made, but that it be made "previously to his arraignment." Code Ann. § 27-1403. There is nothing in the record showing any such demand previous to arraignment, and this demand, coming just before the call of the case, came too late under the terms of the statute. *Jones v. State,* 224 Ga. 283 (161 SE2d 302), rev'd in part on other grounds, 224 Ga. 782 (164 SE2d 831). See *Beeks v. State,* 225 Ga. 200 (167 SE2d 156). However, in any event he was given the list of witnesses when he requested it, and he will not be heard to claim that he was prejudiced by not being given it prior to his demand.

As a second point of error concerning the list, Bell complains of the state's having called fewer than all of those named. There is no requirement that the state call more witnesses than it needs

to present its case. In analogous circumstances the state is not required to call all of those witnesses named in the accusation itself. *Greeson v. State,* 97 Ga. App. 245 (102 SE2d 503); *Harper v. State,* 131 Ga. 771 (63 SE 339); *Cole v. State,* 86 Ga. App. 770 (72 SE2d 537). Because the list was neither demanded nor received until immediately prior to the call of the case for trial, which lasted only one day, neither can Bell convincingly assert that the state squandered his time for preparation by mischievously giving him a long list of spurious witnesses to investigate. There was no error in the state's calling only some of its listed witnesses.

3. In his third enumeration Bell contends that his motion for mistrial should have been granted when the district attorney, without first eliciting from the revenue agent then on the stand any testimony showing the agent's intent to arrest Bell when he was seen behind the wheel of the truck, asked "Tell us what he did when you stepped out in front of the truck to arrest him?" Bell's argument is that the district attorney was testifying and was trying to plant in the minds of the jury the idea that Bell had been resisting arrest. Upon objection, the court struck the question.

It is sufficient to answer this point merely to note that two questions later, without objection from Bell's attorney, the district attorney asked the witness ". . . what were you trying to do when you got out in front of that truck?" The answer was "To arrest whoever was in there." There was no error in overruling the mistrial motion. *Denham v. Shellman Grain Elevator, Inc.,* 123 Ga. App. 569 (2) (181 SE2d 894).

4. In questioning a revenue agent about his ability to identify Bell, after asking how many times he had seen Bell, and receiving the answer ". . . 50 or 100, . . ." the district attorney began a question. "Have you made it your business to know . . .?" and was stopped by objection. The court struck the uncompleted question. Bell urges that this uncompleted question placed his character in issue by innuendo.

Absent special circumstances, even when an improper question has been completed and propounded to the witness, when objection is made and the question is struck, it is not an abuse of the court's discretion to deny a motion for mistrial founded upon the mere asking of the question. *Krasner v. Mullins,* 108 Ga. App. 171 (132 SE2d 533). No prejudice accrued to Bell by the mere asking of the partial question here, and there was no error in denying the

mistrial motion.

5. The fifth enumeration alleges error in the court's failure to grant a mistrial when the district attorney objected to Bell's attorney's behavior as follows: "I object to him referring to a piece of paper as a registration, indicating that this vehicle was not in the defendant's name when it was in his possession unless he is going to let the jury look at it and see." Bell argues that this objection placed upon him the unfair burden of proving that he did not own the truck, whereas the state, he alleges, would have been required to prove that he did.

This enumeration is without merit. The record shows that Bell's attorney was holding and referring in the presence of the jury to a piece of paper, calling it a registration of the truck in the name of Nora Davis, when no one had so testified and when, being challenged on it, he flatly refused to introduce the paper into evidence. The district attorney was justified in his objection at this point for the reason that an attorney cannot attempt surreptitiously in his remarks to get before the jury facts which are not properly in evidence. *Malone Freight Lines v. Pridmore,* 86 Ga. App. 578 (71 SE2d 877).

There is no merit requiring discussion in Bell's contention that the district attorney's objection accomplished a prejudicial shift in the burden of proof. Bell's attorney can only be thought to have solicited such an objection by his actions.

6. This exchange occurred between the district attorney and the sheriff appearing as a witness: "Q. The state condemned it [the truck] because it has . . . because it had liquor on it . . . in his name and he didn't deny that it was his truck? A. Not to me he hasn't." Bell moved for a mistrial on the general ground that the results of a civil condemnation have no bearing in a criminal matter; but subsequent colloquy between counsel and the court indicated that the issue in contention was, again, the ownership of the truck. The court instructed the jury to "completely disabuse your minds, members of the jury, altogether, concerning any condemnation proceedings."

On appeal, Bell is not specific about what prejudice he contends accrued to him because of this exchange, or what constituted the error complained of.

The error enumerated appears to refer to the sheriff's testimony that Bell did not deny to him in connection with the civil condemnation proceeding that the truck was his. To the extent to which this is enumerated as error, we find no error for

numerous reasons.

First, this testimony is no more than cumulative. The first agent to take the stand testified that he had been present at the earlier trial of this same *criminal* proceeding, ending in a mistrial, and that he heard Bell testify there that it was Bell's truck. On cross examination in the trial before us, Bell himself admitted that "it could be" his truck; and that "I might have," "I probably did," "I mighta did" testify at the first criminal trial that it was his truck. Bell further testified when asked whether he ever denied to the sheriff that he owned it, that "He didn't ask me about it."

Admissions of the accused in open court, as part of trial, may be treated as direct evidence of fact (*Cummings v. State,* 106 Ga. App. 118 (126 SE2d 241)), and Bell himself as much as admitted the correctness of the sheriff's statement. Moreover, the judge's admonition to the jury to disabuse their minds of all matters concerning the condemnation was, in our judgment, adequate to correct any error which might have occurred here. *Spell v. State,* 225 Ga. 705 (171 SE2d 285); *Harrison v. State,* 120 Ga. App. 812 (172 SE2d 328). Additionally, Bell's apparent contention on appeal that admissions of a party in a civil matter are never admissible in a criminal proceeding is not accurate. See *Farmer v. State,* 100 Ga. 41 (28 SE 26); *George v. State,* 103 Ga. App. 598 (120 SE2d 55). The trial judge's refusal to grant a mistrial in these circumstances was an allowable exercise of his discretion. *Harrison v. State,* 120 Ga. App. 812 (5), supra.

7, 8. These enumerations of error are reiterations at later stages of the trial of the motions discussed above, and are disposed of by our rulings herein.

We find no error and we affirm.

*Judgment affirmed. Clark, J., concurs. Evans, J., concurs in the judgment.*

ARGUED JULY 9, 1973 — DECIDED OCTOBER 3, 1973.

*Walton Hardin,* for appellant.
*Kenneth E. Goolsby, District Attorney,* for appellee.