## 31382. CARTER v. THE STATE.

INGRAM, Justice:

Henry Carter was convicted of armed robbery in DeKalb Superior Court and sentenced to 13 years imprisonment, 4 years of which are to be served on probation. In this appeal from his conviction, appellant enumerates as error the denial of a motion for mistrial and the denial of a motion for directed verdict, as well as the denial of his motion for new trial. We affirm the conviction after a review of these issues.

Appellant's first enumeration of error concerns the denial of his motion for a mistrial. The evidence showed that appellant persuaded Ricky Crowder, a 15-year-old, to rob the Peachtree Golf Club and furnished him with a shotgun for that purpose. The evidence also shows that appellant shared in the fruits of the robbery. Ricky Crowder, who testified for the state concerning the events in the morning of the robbery, stated, "I got up that morning, I wasn't going to school so I ran into Henry [appellant], and so we were talking, so Henry, so Henry asked me, said, You want to smoke a joint? I said, I don't mind." At this point, appellant moved for a mistrial on the ground that his character had been placed in issue improperly because it is common knowledge that a "joint" refers to marijuana.

The state argues that the testimony concerning the marijuana was relevant in that it was probably an inducement that led Crowder into carrying out the armed robbery planned by appellant. In *Davis v. State,* 233 Ga. 638 (2) (212 SE2d 814) (1975), this court held that evidence which placed the appellant's character in issue was admissible to show intent, motive, plan, scheme and bent of mind. This testimony concerning the joint (marijuana) could be considered by the jury as part of a plan by appellant to induce Ricky Crowder to commit the robbery. It, therefore, was admissible. See *Clifton v. State,* 187 Ga. 502 (5) (2 SE2d 102) (1939).

In his second enumeration of error, appellant contends that the trial court erred in overruling his motion for a directed verdict on the ground that the testimony of the accomplice, Ricky Crowder, was

uncorroborated. It is the law in this jurisdiction that the testimony of an accomplice must be corroborated by independent evidence tending to connect the accused with the crime or leading to an inference that the accused is guilty. The evidence must do more than merely cast a grave suspicion of guilt on the accused. See *West v. State,* 232 Ga. 861 (2) (209 SE2d 195) (1974). However, slight evidence from an extraneous source identifying the accused as a participator in the criminal act is sufficient corroboration of the accomplice to support a verdict. See *Birt v. State,* 236 Ga. 815, 826 (225 SE2d 248) (1976).

The corroborating evidence here can be found in the testimony of two other witnesses. Appellant's conversation with witness Joyce Jordan prior to the robbery indicates that appellant was interested in persuading someone else to perform an act for appellant. In addition, another witness, Bud Ervin, testified that appellant had told him one week prior to the robbery that appellant was "going to take the lick (rob)" the golf course because he had been fired as an employee there. In our opinion, this testimony, though slight evidence, is sufficient to connect the appellant with the crime as a participant in it. The sufficiency of the corroboration evidence is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting a defendant with the crime, the verdict is legally sufficient. See *Slocum v. State,* 230 Ga. 762 (3) (199 SE2d 202) (1973).

In support of his third enumeration of error, that the trial court erred in denying his motion for new trial, appellant argues that the prosecution failed to reveal during the trial certain exculpatory evidence in its possession. The accomplice, Ricky Crowder, had initially implicated two other people in the crime. He then recanted that story, said that appellant had told him to blame them if questioned, and also said that appellant and one Joseph Crowder had been involved. He stated that Joseph Crowder was present at the scene of the crime, but that Henry Carter "didn't go over there with us" but "set it up." At trial, he changed his story and testified that Joseph Crowder was not involved. He further testified that appellant was present at the scene of the crime,

contrary to his prior statement. Appellant argues that at this point the prior statement of the witness that appellant was not present became exculpatory and the prosecution then had a duty to reveal the prior statement without request.

"There is no doubt that the prosecution in a criminal trial has a duty of candor toward the defendant. Brady v. Maryland, 1963, 373 U. S. 83, 83 SC 1194, 10 LE2d 215. This duty is an ingredient of due process. The test is whether the undisclosed evidence was so important that its absence prevented the accused from receiving his constitutionally-guaranteed fair trial. That defense counsel did not specifically request the information, that a 'diligent' defense attorney might have discovered the information on his own with sufficient research, or that the prosecution did not suppress the evidence in bad faith, are not conclusive; due process can be denied by failure to disclose alone. Jackson v. Wainwright, 5 Cir., 1968, 390 F2d 288; Levin v. Katzenbach, D.C. Cir., 1966, 363 F2d 287, 290, 124 U. S. App. D.C. 158; Barbee v. Warden, Maryland Penitentiary, 4 Cir., 1964, 331 F2d 842, 845; United States ex rel. Meers v. Wilkins, 2 Cir., 1964, 326 F2d 135, 137, 140; United States ex rel. Thompson v. Dye, 3 Cir., 1955, 221 F2d 763, 768, cert. denied, 350 U. S. 875, 76 SC 120, 100 LEd. 773; United States ex rel. Almeida v. Baldi, 3 Cir., 1952, 195 F2d 815, 820, cert. denied 345 U. S. 904, 73 SC 639, 97 LEd. 1341. 'In gauging the non-disclosure in terms of due process, the focus must be on the essential fairness of the procedure and not on the astuteness of either counsel.' Barbee v. Warden, supra, 331 F2d 842, at 846." United States v. Hibler, 463 F2d 455, 459 (1972).

However, in this case the nondisclosed statement removing appellant from the scene of the crime would not exculpate appellant nor would it lessen his criminal liability. Admittedly, it was a prior statement of the accomplice witness inconsistent with the witness' testimony at trial and it would tend to impeach his credibility. But, under the circumstances of this case, the nondisclosure at trial of this earlier statement, standing alone, is not enough to conclude appellant was denied a fair trial. There was abundant other evidence at trial

which would impeach this witness' credibility, e.g., the witness' false accusations of three innocent men which was fully disclosed at the trial. In light of this, we hold that the nondisclosure of this statement by the prosecution during the trial without any request for it by the defense was not so prejudicial to the appellant that a new trial must be ordered in this case. See United States v. Hibler, supra. See also United States v. Agurs, —U. S.— (96 SC 2392, 49 LE2d 342) (1976).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 30, 1976 — DECIDED
SEPTEMBER 28, 1976.

*Sallie Rich Jocoy,* for appellant.

Henry Carter, *pro se.*

*Richard Bell, District Attorney, Calvin Leipold, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.