### 57576. SUITS v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for receiving stolen property. *Held:*

1. During opening argument, counsel for the defendant stated: "In a separate incident, [the defendant] did purchase certain items from the people who are named [in the present indictment], and later found out that they were stolen." Appellate counsel for the defendant enumerates as error the allegation that the defendant "was not afforded the effective assistance of [trial] counsel with respect to the deliberate injection of 'other crime' evidence which was not proffered by [the State]." We do not agree.

"In *Pitts v. Glass*, 231 Ga. 638 (203 SE2d 515) (1974), [the Supreme Court] adopted the standard for determining the effectiveness of counsel as enunciated in MacKenna v. Ellis, 280 F2d 592 (5th Cir. 1960). MacKenna, supra, recognized the constitutional right to assistance of counsel as meaning 'not errorless counsel,

and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering *reasonably effective assistance.* ' " *Alderman v. State,* 241 Ga. 496, 511 (246 SE2d 642). "Where a defendant is represented by employed counsel [as in the instant case] who is admitted to the Bar of this State in good standing, a prima facie case is made that the defendant was represented by a competent attorney." *Walker v. State,* 226 Ga. 292, 295 (174 SE2d 440). "While another lawyer or other lawyers, had they represented the [defendant] upon [his] trial, might have conducted [his] defense in a different manner, and might have exercised different judgments with respect to the matters referred to in [this enumeration], the fact that [his attorney] chose to try the [defendant's] case in the manner in which it was tried and made certain decisions as to the conduct of [his] defense with which [he and his] presently employed attorneys now disagree, does not require a finding that [his] representation of the [defendant] was so inadequate as to amount to a denial to [him] of the effective assistance of counsel." *Estes v. Perkins,* 225 Ga. 268 (1) (167 SE2d 588). Further, where the defendant's complaint relates "to tactical judgments made by such [trial] counsel . . . in the absence of a showing, and there is none in the present case, that the trial counsel's loyalty, integrity or best use of his ability is questioned, a new trial will not be granted on the ground that the defendant was not afforded competent representation." *Walker v. State,* 226 Ga. 292, 295, supra. Errors of judgment and tactical errors do not constitute denial of effective assistance of counsel. Odom v. United States, 377 F2d 853 (5th Cir. 1967).

The trial court held a hearing on this issue and counsel for the defendant testified that during his investigation, and questioning of police officials he became aware that "the State might offer proof of other crimes or incidents that would show motive, intent, or scheme . . ." He stated that this became a part of his "trial strategy." It was his opinion that evidence of the defendant's plea of guilty to and conviction of five counts of receiving stolen property from the same individuals he was charged with receiving stolen property from in the instant case would be admissible to show "motive, or

scheme, or intent . . ." The trial court agreed that it was admissible. So does this court, particularly where it is a transaction between the same receiver and seller. See *Ford v. State,* 141 Ga. App. 149, 150 (232 SE2d 642); *Saunders v. State,* 145 Ga. App. 248, 249 (243 SE2d 668); *Bremer v. State,* 148 Ga. App. 461, 467 (251 SE2d 355). Counsel was of the opinion that the state could have introduced it or admitted it through cross examination of "our own witnesses, that we were going to have to put on the stand. And I did not want it to come out as a surprise during the trial . . . I knew that it would be prejudicial to an extent but not as prejudicial as if it came out without me bringing it in . . ." He discussed the strategy with the defendant and the defendant agreed that the lawyer should make the decision on this issue. This is correct procedure. *Reid v. State,* 235 Ga. 378, 379 (219 SE2d 740); *Hawes v. State,* 240 Ga. 327, 330 (240 SE2d 833); ABA Standards, relating to the Administration of Crim. Justice (1974), the Defense Function, § 5.2 (b).

It is clearly evident that this was trial strategy and the decision was made by the trial counsel after consultation with the defendant. We find no error. "Our review of the evidence . . . reveals that the finding of the trial judge that [defendant's] contention of ineffectiveness of counsel is without merit is supported by evidence in the transcript of the original trial and the [effectiveness] hearing." *Allen v. Hopper,* 234 Ga. 642, 643 (217 SE2d 156).

2. The defendant testified that he did not purchase any property from the state's witnesses on the dates indicated in the indictment but did purchase other items at an earlier date which he later found out were stolen. The state's witnesses testified that they stole the property and sold it to the defendant. Thus, there were two issues: (1) did the defendant purchase the stolen property, and if he did (2) did he know it was stolen? In *Bremer v. State,* 148 Ga. App. 461, 467, supra, this court stated: "In theft by receiving cases it has long been held that all transactions between the receiver and seller are relevant to illustrate the receiver's knowledge. *Saunders v. State,* 145 Ga. App. 248, 249, supra." The evidence objected to dealt with the sale of furnace blowers stolen from a mobile

home seller which was sold to the defendant "a couple or three days" after they had sold him the stolen property charged in the instant indictment. The latter stolen property was taken to his home in another county. That is why it was not included in the present indictment. We find, under *Bremer* and *Saunders,* supra, that the evidence was admissible to show knowledge of the defendant in the earlier incident. This enumeration is without merit.

3. Error is alleged in the failure of the trial court to instruct, sua sponte, on the limited purpose of admissibility of specified evidence. In *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859), our Supreme Court held: " 'While present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving of or the failure to give instructions to the jury [cit.] *this does not relieve him from the necessity of requesting instructions, or making timely objection in the trial court on the failure to give instructions,* except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence'. . . Thus . . . where a criminal defendant fails to request a charge, or fails to object to the trial court's *omission to charge,* such failure to request or object has been decisive against him." (Emphasis supplied.)

Further, the Supreme Court has repeatedly stated: "It is well recognized that when evidence is admitted for one purpose, as it was in the instant case, it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a request to so instruct the jury. Patterson v. State,* 233 Ga. 724 (6) (213 SE2d 612) (1975); *Ivy v. State,* 220 Ga. 699 (4) (141 SE2d 541) (1965). [Cit.]" *Harrell v. State,* 241 Ga. 181, 186 (243 SE2d 890). This enumeration is meritless.

4. For the reasons stated in Divisions 1, 2, and 3 above it was not error to deny the motion for new trial based upon the errors enumerated in those divisions.

5. Defendant contends "the cumulative effect of the errors complained of herein deprived [defendant] of a fair

trial." " 'Any error shown upon the record must stand or fall on its own merits and is not aided by the accumulative effect of other claims of error.'" *Haas v. State,* 146 Ga. App. 729 (8) (247 SE2d 507).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED APRIL 4, 1979 — DECIDED MAY 17, 1979 — REHEARING DENIED JUNE 13, 1979 —

*Henry & Marshall, Andrew H. Marshall, J. Hue Henry,* for appellant.

*Harry N. Gordon, District Attorney, James M. Skipper, B. Thomas Cook, Jr., Assistant District Attorneys,* for appellee.