## 35721. HUSKINS v. THE STATE.

PER CURIAM.

Appellant was charged with abandonment in that on the 3rd day of February, 1977, he did unlawfully, wilfully and voluntarily abandon his minor, illegitimate child, leaving it in a dependent condition contrary to the laws of this state. He was found guilty by a jury, and upon sentence being entered against him, appeals that judgment to this court. He assigns several enumerations of error including the overruling of his motion to dismiss the indictment upon the ground that the statute under which the indictment was returned was unconstitutional and contrary to the due process and equal protection clauses of the United States and Georgia Constitutions.

We affirm.

1. The evidence presented by the state in the trial of the case was sufficient to support the verdict and judgment beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant's contention that Code Ann. § 74-9902 violates the equal protection clauses of the United States and Georgia Constitutions, Code Ann. §§ 1-815 and 2-203, was decided adversely to him in our recent decision of *Perini v. State,* 245 Ga. 160 (1980). We also hold that the

criminal provisions of that Code section do not deny appellant due process as provided in the United States Constitution, Code Ann. § 1-805, nor in the Georgia Constitution, Code Ann. § 2-101, for any reason urged by appellant.

3. Appellant contends that the trial court erred in admitting into evidence a certified copy of the birth certificate of the infant child. Properly certified copies of public documents are admissible in evidence. Code Ann. § 38-601. A certified copy of a birth certificate is considered prima facie evidence of the facts contained therein and given the same status as the original. Code Ann. § 88-1724(c). *Cunningham v. State,* 85 Ga. App. 216 (1) (68 SE2d 614) (1952). Appellant's reliance upon the case of *Higgins v. Trentham,* 186 Ga. 264 (1) (197 SE 862) (1938) is misplaced. The trial court did not err in admitting the properly certified copy of the birth certificate.

4. Appellant also urges that the trial court erred in permitting symbols placed on a blackboard by a testifying witness, to remain on the blackboard during further testimony. The blackboard, with the figures thereon, was not admitted into evidence as a document nor was the blackboard allowed to be carried to the jury room during jury deliberations. The figures on the blackboard constituted an illustration of testimony given from the stand by a witness. Assuming the illustrated facts were pertinent evidence to the case, it was not error for the trial judge to permit a second expert witness to testify as to his opinion based on facts presented by the prior witness in this manner. A hypothetical question could be presented to the second expert witness based on these facts gleaned from the first witness. *Atlantic & B. R. Co. v. Johnson,* 127 Ga. 392 (4) (56 SE 482) (1906); *Eason v. State,* 217 Ga. 831 (125 SE2d 488) (1962). The method approved by the trial judge in presenting these facts to a second expert witness by allowing him to observe the facts illustrated on the blackboard by the first witness and to answer a hypothetical question based thereon was not error. In fact the method used would tend to eliminate error by being more accurate than requiring counsel to repeat the assumed facts verbally. Code Ann. § 38-1710. See Agnor's Ga. Evidence 144, § 9-7. Appellant cites no authority in

support of his position and we find none.

5. Evidence regarding the chain of custody in handling the blood samples which were analyzed was sufficient to show a continuous chain of custody into the hands of the testifying witness and appellant's contention to the contrary is without merit.

6. Appellant contends that trial court erred in admitting into evidence a copy of the criminal bond form signed by the defendant in the case upon the ground that the evidence was "irrelevant and immaterial." Pretermitting the question as to whether or not appellant's objection was a valid one,[1] the trial judge did not err in admitting the document in evidence. The defendant denied that he had signed a birth certificate for the illegitimate child at the time it was filed. Appellant's father had testified that the signature on the birth certificate was that of appellant. The state offered the bond form in evidence for the purpose of illustrating the signature of the appellant, so that the jury could make its own determination by comparing the signature on the bond with the signature on the birth certificate which had been admitted in evidence. Agnor's Ga. Evidence 316, § 15-5, Code Ann. § 38-709. There was no error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 7, 1979 — DECIDED MARCH 18, 1980 — REHEARING DENIED APRIL 4, 1980.

*Ben Lancaster,* for appellant.

*Charles Crawford, District Attorney, T. Joseph Campbell, Assistant District Attorney,* for appellee.

---

[1] Compare *Kirkland v. Ferris,* 145 Ga. 93 (88 SE 680) (1916); *Harrison v. State,* 120 Ga. App. 812 (8) (172 SE2d 328) (1969); *Owen v. State,* 78 Ga. App. 558 (51 SE2d 602) (1949); *Atlanta Enterprises v. James,* 68 Ga. App. 773 (24 SE2d 130) (1943).