## 59653. CHAPMAN v. THE STATE.

SHULMAN, Judge.

Defendant appeals his conviction of the offense of burglary. We affirm.

1. Appellant submits that he was denied effective assistance of counsel in that his counsel at trial was incompetent and negligent in

presenting his case.

" 'Where a defendant is represented by employed counsel (as in the instant case) who is admitted to the Bar of this State in good standing, a prima facie case is made that the defendant was represented by a competent attorney.' [Cit.] 'While another lawyer or other lawyers, had they represented the (defendant) upon (his) trial, might have conducted (his) defense in a different manner, and might have exercised different judgments . . . the fact that (his) attorney) chose to try the (defendant's) case in the manner in which it was tried and made certain decisions as to the conduct of (his) defense with which (he and his) presently employed attorneys now disagree, does not require a finding that (his) representation of the (defendant) was so inadequate as to amount to a denial to (him) of the effective assistance of counsel.' [Cit.]" *Suits v. State,* 150 Ga. App. 285, 286 (257 SE2d 306).

The record shows that defense counsel cross examined witnesses, moved for a directed verdict, presented defendant along with another witness at trial, and offered a witness for the appellant at the sentencing phase of the trial. See *Robinson v. State,* 150 Ga. App. 642 (8) (258 SE2d 294). We do not find appellant's counsel to have been ineffective. See also *Futch v. State,* 151 Ga. App. 519 (1) (260 SE2d 520).

2. Appellant complains of the sufficiency of the trial court's curative instructions following the erroneous inclusion of a second count in the indictment against defendant (which count was withdrawn by the court). See, e.g., *Henson v. State,* 12 Ga. App. 632 (77 SE 916).

In view of the trial court's discretion in regard to the giving of a curative instruction (see *Benefield v. State,* 140 Ga. App. 727 (3) (232 SE2d 89)), and in view of counsel's failure to raise objection at trial to the content or sufficiency of the court's instructions, we find no reversible error as enumerated.

Nor do we agree that the court's instructions to the jury to disregard the count, wherein the judge recited the count to the jury (explaining why the count was improper) constituted an impermissible comment upon the evidence in the case. See in this regard Code Ann. § 81-1104. The court's instructions were merely explanatory of the inappropriateness of the count against defendant (which the court instructed was not to be considered by the jury), and did not in any manner represent an expression of the court's opinion of the guilt of the accused.

3. Appellant enumerates as error the court's failure to charge, without request, a lesser included offense. Regardless of whether or not evidence presented at trial would have authorized or demanded

such a charge, we find no error. The trial judge "may, of his own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation. However, his failure to do so, without a written request by the state or the accused, is not error." *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354). See also *Henderson v. State,* 141 Ga. App. 430 (2) (233 SE2d 505).

4. Appellant contends that the trial court improperly considered prior convictions of the defendant in the presentence hearing, on the ground that the state failed to properly notify the defendant that such evidence would be used. See Code Ann. § 27-2503.

At the presentence hearing the state announced that it would, and did in fact, tender certified copies of indictments and sentences against the defendant, to which offer of tender no objection was made. "Consequently, the record does not sustain the contest or claims of the defendant that he was not notified, and the defendant has not shown any improper procedure here. Further, if no objection is made at the pre-sentence hearing a subsequent review of that phase is eliminated." *Bradshaw v. State,* 145 Ga. App. 664 (1) (244 SE2d 600).

5. Appellant's contentions of error on the general grounds are also without merit. In view of the arresting officer's testimony identifying defendant as the individual he saw carrying two tires from the ledge area of the burglarized service station to the rear of the station, where the officer later observed the tires in a van parked behind the station, along with circumstantial evidence indicating defendant's guilt (e.g., the fact that at the time of the arrest defendant had approximately $35 in change on his person, the approximate amount of money found to have been lost from the service station's cigarette machine on the night of the burglary), we find that a rational trier of fact could reasonably have found defendant guilty of the crime of burglary beyond a reasonable doubt. See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See also *Phillips v. State,* 152 Ga. App. 671 (263 SE2d 480).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED APRIL 9, 1980 — DECIDED MAY 6, 1980 —

*Michael C. Ford,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, A. Thomas Jones, Margaret V. Lines, Assistant District Attorneys,* for appellee.