## 60551. WHITT v. THE STATE.

SHULMAN, Presiding Judge.

Defendant appeals his conviction of the offense of aggravated sodomy. We affirm.

1. Appellant contends that the trial court erred in denying his extraordinary motion for new trial based upon newly discovered evidence. Some of the alleged newly discovered evidence pertained to the fact that the victim was acquainted with and had contact with a man (not the defendant) who was a "known" homosexual.

" '(I)t is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different

verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.' [Cit.]" *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357).

The purported newly discovered evidence in the instant case does not meet the above criteria. First of all, the evidence does not apparently relate to the defendant's guilt or innocence of the offense charged. We therefore do not find that it is so material that it would probably have produced a different verdict.

Likewise, the testimony of a witness who would swear that he saw the defendant and the victim with another individual, Bennie Heard, on the day of the incident, does not rise to the level of newly discovered evidence. Such evidence is cumulative of Mr. Heard's own testimony, which merely goes to impeach the testimony of the victim (who testified that he was not in Mr. Heard's presence).

2. Defendant asserts that the fact that he was not tried for child molestation at the same time that he was tried for sodomy renders him susceptible to being twice tried for the same offense. Since defendant's double jeopardy claim is, at best, premature and prospective (that is, defendant has not yet been put in jeopardy more than once for the same offense), we find no merit in his complaint.

Nor do we find the fact that the day of the offense as alleged in the indictment was one day earlier than that proved at trial constituted a fatal variance. See *Cain v. State,* 144 Ga. App. 249 (1) (240 SE2d 750). See also *Jones v. State,* 156 Ga. App. 646.

3. Defendant argues that the state's failure to disclose certain alleged exculpatory information effectively denied defendant his right to a fair trial. Specifically, defendant complains of the state's failure to disclose the victim's relationship or acquaintance with a "known" homosexual. Even assuming that the state had such information (which the state denies), we refuse to find that its failure to disclose that information constituted reversible error.

" 'There is no doubt that the prosecution in a criminal trial has a duty of candor toward the defendant. Brady v. Maryland, 1963, 373 U. S. 83, 83 SC 1194, 10 LE2d 215. This duty is an ingredient of due process. The test is whether the undisclosed evidence was so important that its absence prevented the accused from receiving his constitutionally-guaranteed fair trial. That defense counsel did not specifically request the information, that a "diligent" defense attorney might have discovered the information on his own with sufficient research, or that the prosecution did not suppress the evidence in bad faith, are not conclusive; due process can be denied by failure to disclose alone. [Cits.]' " *Carter v. State,* 237 Ga. 617, 619

(229 SE2d 411). As in *Carter,* the allegedly withheld information in the case at bar would not exculpate defendant nor would it lessen his criminal liability. We find, then, in accordance with *Carter,* that such information, which standing alone is of doubtful relevancy, is not enough to conclude that appellant was denied a fair trial. This enumeration of error does not therefore present grounds for reversal.

4. We cannot agree with defendant that the evidence mandated a charge on alibi, absent defendant's request for such charge. Defendant did present evidence that he was not alone with the victim for a part of the time that he and the victim were together, but such evidence did not establish the impossibility of defendant's commission of the offense charged, inasmuch as it did not negate the possibility that defendant committed the offense before the third party appeared at the scene.

Since the evidence thus failed to show the impossibility of defendant's presence at the scene of the offense (see Code Ann. § 38-122), the omission of a charge on the law of alibi was not error. *Cooper v. State,* 143 Ga. App. 246 (237 SE2d 715). See also *Cain v. State,* supra; and *Plemons v. State,* 155 Ga. App. 447 (10) (270 SE2d 836).

5. Defendant's contention that he was denied effective assistance of counsel is without merit.

" 'While another lawyer or other lawyers, had they represented the petitioner upon (his) trial, might have conducted (his) defense in a different manner, and might have exercised different judgments with respect to the matters referred to in (his) petition, the fact that (his) attorne(y) chose to try the petitioner's case in the manner in which it was tried and made certain decisions as to the conduct of (his) defense with which (he) and (his) presently employed (attorney) now disagree, does not require a finding that (defense counsel's) representation of the petitioner was so inadequate as to amount to a denial to (him) of the effective assistance of counsel.' [Cits.]

"The record reveals that defense counsel cross examined witnesses, introduced (the defendant in his own behalf), examined certain exhibits, objected to the admission of certain evidence, attempted to discredit the testimony of . . . state's witnesses, and made a . . . closing argument. [Cits.]

"Upon examination of the record and transcript and in view of the foregoing, we refuse to find that defendant was denied effective assistance of counsel. See *Stripling v. State,* 155 Ga. App. 636." *Dyer v. State,* 155 Ga. App. 705, 706.

Finding no error for any reason assigned, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED JANUARY 6, 1981 —

*William A. Wehunt,* for appellant.
*Frank C. Mills III, District Attorney, Rafe Banks III, Assistant District Attorney,* for appellee.