61086. HAMMOND v. THE STATE.

SHULMAN, Presiding Judge.
Defendant appeals his conviction of the offense of sodomy. We affirm.

1. The affidavit which served as the basis for the arrest warrant issued against defendant satisfies the statutory requirements of, and is in conformity with, Code Ann. §§ 27-103; 27-103.1; and 27-104. The arrest of appellant was not, therefore, illegal on the ground that the affidavit was improper. Appellant's contention that certain alleged confessions obtained as the product of such affidavit and arrest were tainted evidence is coincidentally without merit.

2. Appellant argues that the circumstances surrounding his arrest denied him his constitutionally protected right of due process, rendering the product of his arrest, the confessions, inadmissible. We note that appellant's allegations do not address the legality of his arrest insofar as probable cause is concerned, i.e., he does not argue that the arrest was made without probable cause.

Appellant bases his allegations of the unconscionability of his arrest on the time (11:00 p.m.) of his arrest (he argues that his arrest was intentionally delayed, that it could have been made earlier in the day); on the fact that the police had visited appellant's residence earlier on the day of his arrest, deceiving appellant by not informing him that he, and not his roommate, was under suspicion for the

offense of sodomy; on the length of appellant's interrogation (which he said lasted for two hours); and, finally, on consideration of the totality of the circumstances evincing the intentional intimidation of the appellant.

Even assuming this court's acceptance of appellant's strained argument that the police officers delayed making the arrest of the appellant, we reject any notion that such delay denied appellant due process.

"Dismissal is required for pre-arrest or pre-indictment delay under the due process clause when it is shown, one, the delay caused actual substantial prejudice to defendant's right to a fair trial and, two, that the delay was an intentional device to gain a tactical advantage . . ." *Armour v. State,* 140 Ga. App. 196 (b) (230 SE2d 346). Appellant made no showing whatsoever that the alleged delay in his arrest (a period of only several hours) prejudiced his trial. His complaint that the purpose of the delay was to intimidate and weaken him does not, under the circumstances of this case (the fact that the "delay" was for so few hours), support a finding that it was an intentional device to gain a tactical advantage over appellant.

Appellant's complaints regarding the circumstances surrounding his arrest and the admission of certain confessions resulting from his arrest are directed to a determination of the voluntariness of appellant's confessions — whether such confessions were freely, knowledgeably and voluntarily made. In this regard, the trial court conducted a Jackson-Denno hearing, holding that the confessions (both an oral and a written confession) were admissible.

It is true that in rendering its finding the trial court did not specifically refer to the admissibility of appellant's oral confession; it stated only that the "document" was admissible. However, a reading of the transcript confirms the state's contention that the court clearly implied in its finding that both confessions were admissible for jury consideration. In any event, since the oral confession was incorporated in the written confession, any error in its admission would be harmless.

In sum, the state made a prima facie showing of the voluntariness of appellant's confession. Inasmuch as appellant has failed to demonstrate the court's abuse of discretion in admitting the confessions in evidence, we find no error in their admission. See, e.g., *Pierce v. State,* 235 Ga. 237, 239 (219 SE2d 158); *Tucker v. State,* 245 Ga. 68 (3) (263 SE2d 109).

3. Appellant has contended on appeal that the admission of the testimony of the alleged victim was error because the witness was not competent. At trial, however, appellant failed to raise an objection to or question the competency of the 15-year-old alleged victim to

testify. Appellant's pre-trial motion requesting that the witness be required to undergo a psychiatric examination and that the state disclose the witness' psychiatric and behavioral history did not raise the issue of the alleged victim's competency. The pre-trial motion requested information pertaining to the victim's credibility as a witness but did not address his competency. "The defendant['s] failure to interpose a timely objection to the witness' competency at trial, either before or after the witness testified, precludes this objection on review." *Redfield v. State,* 240 Ga. 460, 462 (241 SE2d 217).

4. A. Without specific argument as to any error committed, appellant makes a general objection to the trial court's allowing the state to ask leading questions of its witnesses. Code Ann. § 38-1706 states that the court may exercise its discretion, when justice so dictates, in granting a party the right to lead a witness on direct examination. Appellant's failure to demonstrate that the trial court abused its discretion in permitting the state on specific occasions to lead its witnesses precludes this court's finding of error in the trial court's exercise of discretion.

B. Appellant argues that the trial court committed reversible error when, after ruling adversely to a defense objection (that the state was improperly leading its witness), the court defined a leading question. Appellant contends that the court's conduct in instructing the law on leading questions intimidated defense counsel and chilled counsel's inclination or willingness to pose any further objections on that ground.

It is evident from reading the relevant portions of the transcript that the court's purpose in defining a leading question was not to admonish, intimidate, or embarrass defense counsel; but to enlighten counsel on the law. That defense counsel may have suffered some embarrassment does not fault the court, since it was obviously the court's intention to judiciously expedite the trial of the case.

5. Appellant's complaint that he was denied effective assistance of counsel is not valid. The record and transcript show that defense counsel made pre-trial motions, cross examined witnesses, presented appellant as a witness, and made frequent objections to state's evidence. The fact that another attorney may have handled appellant's defense differently is not indicative of trial counsel's ineffective assistance. See, e.g., *Suits v. State,* 150 Ga. App. 285 (1) (257 SE2d 306): *Chapman v. State,* 154 Ga. App. 532, 533 (268 SE2d 797); *Robinson v. State,* 150 Ga. App. 642 (8) (258 SE2d 294).

We also reject appellant's contention that the trial court's conduct, or rather alleged misconduct, precluded trial counsel's effective assistance. Contrary to appellant's contentions, the fact

that the court overruled defense counsel's objections and failed to inform counsel of opportunities for proper objections is not indicative of misconduct.

6. The trial court did not err in refusing to direct a verdict in the appellant's favor on the ground that his commission of the charged offense was an "impossibility." There was evidence, including the victim's testimony, which would authorize a rational trier of fact to find defendant guilty beyond a reasonable doubt of the offense charged. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560). The trial court properly refused to direct a verdict in defendant's behalf.

7. The sentence imposed upon the defendant was within the statutory limits prescribed by law. See Code Ann. § 27-2502. Appellant's complaint that his sentence is excessive should therefore be addressed to the appropriate sentence review panel. *Robinson v. State,* supra, Division 7.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 24, 1981.

*Larry A. Foster,* for appellant.

*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.

