62737. CHESTER et al. v. THE STATE.

McMURRAY, Presiding Judge.

Defendants Chester and McCoy were charged by indictment with certain violations of the Georgia Controlled Substances Act. Count 1 charged possession of methaqualone. Count 2 charged possession of marijuana. However, Count 3 charged defendant Chester only with possession of oxycodone.

The jury returned a verdict of guilty as to both defendants on Counts 1 and 2. Defendant Chester was acquitted as to Count 3.

Defendants' motion for new trial was filed and denied. Defendants appeal. *Held:*

1. Relying upon the reasoning of *Hayes v. State,* 141 Ga. App. 706 (234 SE2d 360); *State v. Brassell,* 144 Ga. App. 279 (241 SE2d 57); and *Wyatt v. State,* 151 Ga. App. 207, 208-211 (1) (259 SE2d 199), defendant Chester contends that as he was not named in the search warrant and there were no circumstances authorizing the search of a person not named in the search warrant, the search of his closed suitcase labeled with his name was an impermissible personal search, and the resulting evidence should have been suppressed. However, the black case labeled "Chester" in which drugs were found was located in an office of defendant Chester's property and residence as disclosed by evidence. The trial court did not err in denying the motion to suppress. The above cases generally involve visitors on the premises and not the owner, hence they are inapposite and not controlling.

2. Defendants argue that they were denied effective assistance of counsel because their trial counsel failed to litigate the scope of the search in the case sub judice. "Where retained counsel is a goodstanding member of the State Bar, a prima facie cause of competence is made out." *Hudson v. State,* 156 Ga. App. 281, 282 (2) (274 SE2d 675). The record and transcript show that the defendants' trial counsel made pretrial motions, cross-examined witnesses, objected to the admission of certain evidence, and made a closing argument. "The fact that another attorney may have handled appellant's defense differently is not indicative of trial counsel's ineffective assistance. See, e.g., *Suits v. State,* 150 Ga. App. 285 (1) (257 SE2d 306): [sic] *Chapman v. State,* 154 Ga. App. 532, 533 (268 SE2d 797); *Robinson v. State,* 150 Ga. App. 642 (8) (258 SE2d 294)." *Hammond v. State,* 157 Ga. App. 647, 649 (278 SE2d 188). See also *Whitt v. State,* 157 Ga. App. 10, 12 (5) (276 SE2d 64), and *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515).

3. The trial court in his order overruling the defendants' motion to suppress, expressly predicated his decision upon consideration "of the motion as amended, the evidence presented, and the arguments of counsel . . ." Set forth as a clearly independent basis for overruling the motion to suppress as to defendant McCoy was an additional reason, a lack of standing to bring such a motion. Although this independent additional reason for overruling defendants' motion to suppress may, as is argued, be erroneous, such error is harmless in view of the trial court's separate adverse ruling on the merits of the motion to suppress evidence and our approval thereof. Harm as well as error must be shown before reversal is appropriate. *Wood v. State,* 243 Ga. 273, 274 (5) (253 SE2d 751).

4. Defendants' fifth enumeration of error complains of the admission into evidence of certain testimony. As to two of the three items of testimony listed by defendants no objection was made at trial and therefore no issue was framed in the trial court appropriate for appellate review. As a court for the correction of errors of law we may not consider an issue raised for the first time on appeal. *Jefferson v. State,* 157 Ga. App. 324, 326 (2) (277 SE2d 317).

As to the third item, the evidence adduced by the state as to the street value of the drugs seized was relevant and admissible evidence of the intent and state of mind of the defendants. Also see *Stephens v. State,* 157 Ga. App. 414 (2) (278 SE2d 70).

5. Defendant McCoy was not in actual possession of a controlled substance. The state's case against this defendant was predicated upon constructive possession by reason of evidence showing she was a resident of the dwelling. As evidence of defendant McCoy's residence at the address in question the state was allowed to introduce into evidence an envelope and a copy of a storage rental agreement. Both of these documents show defendant McCoy's address as that which was raided by law enforcement officers and where the drugs were found which are the basis of this case. As to the storage rental agreement the defense later introduced into evidence the original of this document through the testimony of a witness who identified the signature thereon as defendant McCoy's. Any error in the admission of the state's copy of this document was rendered harmless by the subsequent introduction by the defense of the original of the same document. *Daniels v. State,* 158 Ga. App. 476, 481 (7) (282 SE2d 118). The remaining document, an envelope furnished by a photograph company for the purpose of mailing photographs, had written on it defendant McCoy's name and gave her address as the residence where the controlled substances were found in the search in the case sub judice. There was no evidence presented by the state as to the scrivener of the words on this envelope. This document contains only hearsay and should not have been admitted. However, this error is rendered harmless by the subsequent introduction by the defense of an acknowledged sample of defendant's handwriting thus permitting comparison by the jury. See *Martin v. State,* 135 Ga. App. 4, 7 (3) (217 SE2d 312); *Huskins v. State,* 245 Ga. 541, 543 (6) (266 SE2d 163).

6. Defendant McCoy contends that the trial court's charge on the head of household was ambiguous and not properly adjusted to the evidence presented at trial. The argument in support of this contention is that the charge does not clearly require that defendant McCoy have been a resident of the address searched on the date of the search and seizure, as opposed to an earlier date, in order for the head

of household presumption to apply. The requirement of residence at the time of search and seizure was adequately expressed by the language charged: ". . . if you should find the defendant, Patricia Ann McCoy, resided at the residence of the defendant, Joseph Anthony Chester, and if you further find from the evidence presented that they were not husband and wife, then I charge you that the presumption that the substance was possessed by the head of the household may be applied equally to both residents if you so find." The charge authorized but did not require equal application of the head of the household presumption. That the jury requested a recharge as to the residence issue is not alone indication of a confusing charge.

No objection was made to the validity of the longstanding general rule of law as to the rebuttable presumption that contraband found in a residence is possessed by the head of household. See Code § 53-501. The head of the household statute's contraband presumption has been held to be unconstitutional in *Knighton v. State,* 248 Ga. 199 (282 SE2d 102).

7. During the trial the state offered in evidence a certified copy of the documents which were the civil condemnation proceedings with reference to the $50,940 seized at the alleged residence of the defendant Chester, including an answer to the petition to seize and condemn the money. The defendant Chester, by and through his attorney (incidentally the same attorney who represented him in this criminal trial) claimed the money and admitted the allegations that the "residence is the home of the Defendant . . . Chester." In lengthy arguments counsel for both defendants objected that the civil suit was irrelevant and immaterial, the documents were offered in their entirety, contained inflammatory conclusions which would adversely affect the defendants, and the matters and conclusions therein would imply that the money was contraband and the ownership of the money is not a relevant issue to the criminal case. Counsel further argued that the language therein "talks in there about condemning the funds and enriching the county treasury . . . [and] invites the jury to convict Mr. Chester, at least indirectly so as to enrich the county treasury," and further, the verification by the district attorney in which he swore that the foregoing facts were true and correct would be prejudicial and invade the province of the jury. The court then allowed the documents in evidence for the limited purpose only of determining ownership of the premises searched in the case sub judice if the jury so desired to do so and for no other purpose. Moreover, in view of the trial court's instructions on the limited purpose of its admissibility and jury consideration "if they so desire to do so and for no other purpose," this evidence was no more than cumulative of other evidence that the searched premises was that of

defendant Chester. We note in the case of *Farmer v. State,* 100 Ga. 41 (3), 45 (28 SE 26), that admissions by agents or attorneys are not admissible in criminal cases "in the sense in which they are admissible in civil cases," and should not be treated as evidence against the defendant unless shown to have been authorized by him. However, the objection in that case was that it was illegal to admit the same in evidence (extracts from a creditor's petition against the accused and portions of an answer thereto not sworn to or signed by the defendant but signed by certain persons as his attorneys) without proof that it was authorized by him. No such objection was made to the document here so as to require us to follow *Farmer v. State,* 100 Ga. 41, supra. In *Bell v. State,* 129 Ga. App. 783, 787 (201 SE2d 340), we note this court stated that the "[defendant's] apparent contention on appeal that admissions of a party in a civil matter are never admissible in a criminal proceeding is not accurate," citing in addition to *Farmer v. State,* 100 Ga. 41, supra, *George v. State,* 103 Ga. App. 598, 599 (2) (120 SE2d 55). Of course, in the latter case the defendant had subscribed and sworn to the pleadings admitted into evidence. However, we find no merit in this complaint that the trial court erred in admitting into evidence the pleadings of a civil lawsuit, the evidence here amply showing the seizure of the $50,940, other evidence as to the residence of the defendant and the fact that the counsel for the defendant in the case sub judice, as well as in the condemnation case was the same, and that case involved the seizure of United States currency under the search warrant in the case sub judice. We have found no case holding that it is error to admit civil pleadings in a criminal action especially when the subject matter of that civil action is the same as was the case here.

*Judgment affirmed. Quillian, C. J., concurs. Pope, J., concurs specially.*

DECIDED MARCH 19, 1982 —
REHEARING DENIED APRIL 1, 1982 — ▮▮▮▮▮▮▮▮

*Jeffrey B. Bogart, Jeffrey P. Rothenberg,* for appellants.
*Robert Keller, District Attorney, Michael Anderson, Assistant District Attorney,* for appellee.

POPE, Judge, concurring specially.

I agree with the results of the majority opinion, but concur specially as to Division 7. The evidence of defendant's residence contained in the record of the libel for condemnation was cumulative and its admission was therefore harmless error. However, I do not agree that the admission of such evidence would necessarily be

harmless had there been insufficient evidence indicating that the defendant lived at the particular location.

This court in *Johnson v. State,* 156 Ga. App. 496 (274 SE2d 837) (1980), stated that contesting a libel for condemnation is "substantively identical" to a motion to suppress evidence. In the present case the defendant in contesting the libel for condemnation stated in his answer that he was a resident of the house where the seizure of the alleged contraband took place. This statement was offered as evidence at the criminal trial by the State to prevent the defendant from winning an acquittal on the premise that he was not a resident of the house. The United States Supreme Court in Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) (1968), held it was reversible error to allow the Government to use evidence of standing adduced at a motion to suppress hearing against the defendant upon the trial of his criminal case to show possession.

In the present case, the answer filed by the defendant in the libel for condemnation, stating that he was a resident of the house, established his standing to object to the condemnation. If such evidence of standing is allowed to be introduced to establish possession upon the criminal trial then, as in Simmons, "[a] defendant who wishes to establish standing must do so at the risk that the words he utters may later be used to incriminate him." Simmons, supra at 393. Thus, under the circumstances of the present case a criminal defendant contesting a libel for condemnation would be obligated either to give up his right not to be deprived of his property without the due process protection afforded by the condemnation proceedings or to waive his Fifth Amendment privilege against self-incrimination.