## 69790. MELTON v. THE STATE.
### (330 SE2d 398)

BANKE, Chief Judge.

After the defendant entered his plea of not guilty to an accusation charging him with driving under the influence of alcohol, but before jury selection commenced, the trial court allowed the state to amend the accusation to change the alleged date of the offense. On appeal, the defendant contends that this constituted reversible error.

The defendant was actually arrested for the offense at 1:35 a.m. on November 20, 1983; but both the citation prepared by the arresting officer and the original accusation prepared by the state's attorney specified November 19, 1983, as the date of the offense. The defendant entered his plea of not guilty on March 7, 1984, and the case was called for trial on March 26, 1984. At this time, both he and the state announced ready, and a jury was selected. The jury was then excused until 1:00 p.m. the following day. At 11:00 a.m. on March 27, the assistant solicitor filed and served upon the defendant the amended accusation, alleging November 20, 1983, as the date of the offense. When court re-convened at 1:00 o'clock that afternoon, the defendant moved for a continuance, contending that he had based his defense on the charge as set forth in the original accusation and was surprised by the amendment. The trial court denied the motion; and, following a jury trial, the defendant was found guilty. *Held*:

1. The trial court did not err in denying the defendant's motion for a directed verdict of acquittal based on the state's failure to prove that the offense had been committed on the date alleged in the original accusation. The defendant was not tried on the original accusation but on the amended one. The amendment was permitted under OCGA § 17-7-71 (f), which provides as follows: "Prior to trial, the prosecuting attorney may amend the accusation to allege or to change the allegations regarding any offense arising out of the same conduct of the defendant which gave rise to any offense alleged or attempted to be alleged in the original accusation. A copy of any such amendment shall be served upon the defendant or his counsel and the origi-

nal filed with the clerk of the court. On motion, the court shall grant the defendant a continuance which is reasonably necessitated by an amendment." In any event, it has long been the law that "[w]here the date alleged in the indictment [or accusation] is not a material element of the offense, the state may prove the offense as of any date within the statute of limitation. (Cits.)" *Arnold v. State*, 167 Ga. App. 720 (1) (307 SE2d 526) (1983). See also *Whitt v. State*, 157 Ga. App. 10, 11 (2) (276 SE2d 64) (1981).

2. The trial court did not err in denying the motion for continuance. As previously indicated, OCGA § 17-7-71 (f) provides only for such a continuance as is "reasonably necessitated by an amendment." No showing whatever was made in this case to suggest that the defendant's ability to present a defense was in any way impeded by the amendment. Compare *Riles v. State*, 155 Ga. App. 586 (271 SE2d 718) (1980), wherein the appellant had prepared an alibi defense based on the date alleged in the indictment, and the state proved another date at trial.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED APRIL 2, 1985.

*Howard Tate Scott*, for appellant.

*Ken Stula, Solicitor, N. Kent Lawrence, Assistant Solicitor*, for appellee.