### A92A2271. McCORMICK v. THE STATE.
(429 SE2d 170)

BIRDSONG, Presiding Judge.

David Hobson McCormick appeals his convictions for armed robbery and possession of a firearm in the commission of a felony. The only error asserted is that the trial court erred by permitting his statements and confessions made to a Georgia Bureau of Investigation agent and to a sheriff's department investigator to be presented

to the jury, since the trial court did not make a specific finding that by a preponderance of the evidence the confession was freely and voluntarily given and, under these circumstances, the warnings required under *Miranda v. Arizona* were given and voluntarily waived. *Held*:

At the *Jackson-Denno* hearing to consider McCormick's statements, a GBI investigator and a sheriff's investigator each testified they, on separate occasions, warned McCormick of his right to counsel and right to remain silent and McCormick had not exercised those rights. They both also testified they did not threaten or coerce McCormick and did not promise him hope of benefit for making a statement or promise him leniency, and also testified that McCormick did not appear to be under the influence of intoxicants or drugs. Further, they presented to the court written statements signed by McCormick and each agent that stated those rights had been explained to him, that he understood his rights, that he wanted to make a statement, and that he had not been threatened, nor promised anything, nor forced in any way to make a statement. Finally, they both testified that McCormick was not in custody and was free to leave. McCormick did not challenge this testimony in any fashion. The trial court found that both statements could be presented to the jury and later in its charge instructed the jury on its responsibilities before the jury could consider the statements.

We find no error. Although the trial court did not use the specific language McCormick would desire, the trial court's ruling that the statements could be presented to the jury implicitly contained these findings. Cf. *Hammond v. State*, 157 Ga. App. 647, 648 (2) (278 SE2d 188). Moreover, the trial court's findings that McCormick had been properly warned of his rights and that he was not in custody at the time of his statements are supported by the record. "Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal. The question of whether or not a defendant is capable or incapable of making a knowing and intelligent waiver of his rights is to be answered by the trial judge and will be accepted by this court unless such determination is clearly erroneous. The trial court's ruling was not clearly erroneous." (Citations and punctuation omitted.) *Brown v. State*, 259 Ga. 453, 454 (383 SE2d 882). See *Carter v. State*, 257 Ga. 510, 513 (361 SE2d 175); *Durden v. State*, 250 Ga. 325, 327 (297 SE2d 237); *Thaxton v. State*, 184 Ga. App. 779, 781 (362 SE2d 510). Therefore, any error occasioned by the failure to make specific findings was harmless.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 12, 1993.

*Thompson, Fox, Chandler, Homans & Hicks, David A. Fox*, for appellant.

*C. Andrew Fuller, District Attorney, Mark W. Alexander, Donald E. Henderson, Assistant District Attorneys*, for appellee.